# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **COREY TAYLOR,** **#508901,** | ) ) ) |
| Plaintiff, | ) NO. 3:22-CV-00920 ) |
| v. | ) ) ) JUDGE CAMPBELL |
| **TRINITY CORRECTIONAL FOOD SERVICES,** *et al.*, | ) MAGISTRATE JUDGE ) NEWBERN ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

Corey Taylor, a pre-trial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against Trinity Correctional Food Services and "The Metropolitan Government," alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1). Plaintiff also has filed an Application for Leave to Proceed In Forma Pauperis. (Doc. No. 3).

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

In order to file a civil lawsuit, a plaintiff must submit the civil filing fee or an application to proceed in forma pauperis. In addition, if seeking pauper status, a plaintiff must provide a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915(a)(2).

While Plaintiff has filed an Application to Proceed In Forma Pauperis (Doc. No. 3), he has not submitted a certified copy of his inmate trust fund account statement. However, Plaintiff states that he has attempted to obtain the required statement but "has been told that the jail does not provide such documents." (*Id*. at 1). Plaintiff points out that he has experienced this same issue in

1

another case before the undersigned, *Corey Taylor v. E. Byers*, No. 3:22-cv-00689 (M.D. Tenn. filed 9/06/2022). Plaintiff additionally states that he has "no ability to financial security", is not "in possession of any bank accounts or any assets", and has "four children who[] depend on [him] for support and [he is] unable to provide such support." (Doc. No. 2 at 1).

It appears that Plaintiff has attempted to comply with Section 1915(a)(2) in both cases before the undersigned and has been unable to do so for reasons outside of his control. The Court finds that, under the specific circumstances described by the Court in Plaintiff's case against *E. Byers* (*see* Case No. 3:22-cv-00689, Doc. No. 12 at 1-2) which the Court finds to be the same in this case, Plaintiff has made a good faith effort to obtain pauper status with proper documentation. *See Michael Kilpatrick v. James O'Rouke*, No. 3:16-cv-01840 (M.D. Tenn. 2016) (Sharp., J.) (Doc. No. 3 at 2) (if jail officials refuse to cooperate with plaintiff's efforts to get his inmate account statement certified, plaintiff may submit a signed statement to the court detailing his attempts to comply with the court's order). Accordingly, Plaintiff's Application (Doc. No. 3) will be granted. Should the Court discover at any point that Plaintiff has falsely represented the amount in his inmate trust account, Plaintiff's pauper status could be revoked and Plaintiff will be required to pay the full civil filing fee of $402 in one payment to proceed with this action.

## II. SCREENING OF THE COMPLAINT

### A. PLRA Screening Standard

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly

requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**B. Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**C. Facts Alleged in the Complaint**

According to the complaint, Wellpath Medical health care providers examined Plaintiff at the Davidson County Jail on May 12, 2022, for "burning, swelling, bleedings, ulcers, [and] thick white patches on both left and right side of his jaw." (Doc. No. 1 at 1). A biopsy was performed and sent for testing. In the meantime, a registered nurse placed Plaintiff on a "bland diet" which Plaintiff defines as "a regular meal diet minus the spices." (*Id*.) This dietary restriction was forwarded to the jail kitchen, which is operated by Defendant Trinity Correctional Food Services ("Trinity").

Despite Plaintiff having been placed on a bland diet and receiving meal trays labeled "Diet/Special Meal", Trinity continues to provide Plaintiff with meals containing "spicy seasonings such as crushed peppers and . . . jalapeno peppers." (*Id*. at 2). Sometimes Plaintiff is unable to determine visually that the foods are spicy and consumes them unknowingly. When Plaintiff has consumed these foods, he has suffered "severe pain, burning, swelling, bleeding from the gums, and the ulcers inside his mouth." (*Id*.) Plaintiff describes the resulting pain as "likened to pouring rubbing alcohol on a[n] open flesh wound and as taking hot curl[ing] irons to the skin." (*Id*.) On one such occasion, Plaintiff's reaction was so severe that jail officials almost transported Plaintiff to an outside hospital. Instead, he was given a steroid shot.

On some occasions, including on November 4, 2022, Plaintiff was able to determine visually that his meal trays contained spicy food and he did not consume the food. Plaintiff then had to wait two to three hours for a replacement meal tray and, on more than one occasion, he was not served an alternative meal tray at all. When Plaintiff has been provided with an alternative tray, the foods served and/or portion sizes were inadequate. Plaintiff alleges that he has lost weight as a result of Trinity's deliberate actions.

The complaint alleges that Trinity "shows a deliberate disregard for [Plaintiff's] serious medical need not to have spicy foods" and "fail[s] to adequately monitor the handling and care of his trays by making sure that the jail inmates are preparing the diet trays in accordance to the diet restrictions." (*Id*. at 2). Plaintiff has filed grievances regarding Trinity "for months" and these grievances have been "ignored and unheard and he does not seem them as pending on his grievance log as they have been once before." (*Id*. at 5).

The complaint further alleges that "The Metropolitan Government" is "the moving force" behind Trinity's employees' actions and it is "the policy, agreement and contract with Trinity Food Serv that[] allow[s] them to act in such careless, reckless, wanton deliberate indifference manners" as set forth in the complaint. (*Id*. at 4).

As relief, Plaintiff seeks an injunction, punitive damages in the amount of $160,000, and compensatory damages in the amount of $300,000. (*Id*.)

**D. Analysis**

The Eighth Amendment, on which Taylor relies, protects against "cruel and unusual punishments." U.S. Const. amend. VIII. For persons who are incarcerated and cannot care for themselves, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When prison officials are "deliberate[ly] indifferen[t]" to a prisoner's "objectively . . . serious" needs, they violate the Eighth Amendment. *Id*. at 834 (quotations omitted). Deliberate indifference includes objective and subjective aspects: (1) a substantial (objective) risk of serious harm and (2) the official's (subjective) knowledge and disregard of that substantial risk. *Id*. Deliberate indifference "entails something more than mere negligence." *Id*. at 835. Instead, the Eighth Amendment standard is akin to criminal recklessness, requiring actual awareness of the substantial risk. *Id*. at 839-40.

But the Eighth Amendment applies only to "those convicted of crimes." *Ingraham v. Wright*, 430 U.S. 651, 664 (1977) (emphasis added). It "does not apply to pretrial detainees," like Taylor. *Greene v. Crawford County*, 22 F.4th 593, 605 (6th Cir. 2022). Instead, "[p]retrial detainees are analogously protected under the Due Process Clause of the Fourteenth Amendment," which incorporates similar protections against custodians of pretrial detainees. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). Under the Fourteenth Amendment, the Court makes an objective inquiry of whether an official "acted deliberately (not accidentally) and 'recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Westmoreland v. Butler Cnty.*, 29 F.4th 721, 728 (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021)). This reckless-disregard standard is still higher than negligence, but lower than criminal recklessness; like civil recklessness, the official doesn't have to actually be aware of the harm. *Id*.

Because Plaintiff is a pretrial detainee, his claims fall under the Fourteenth Amendment. In his complaint, Plaintiff names two Defendants to this action: Trinity Correctional Food Services ("Trinity") and "The Metropolitan Government."

    1. <u>Trinity Correctional Food Services</u>

Persons or entities that act "under color of state law" are subject to suit under Section 1983. *See Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted) (explaining that one element of a Section 1983 claim is that "a defendant acted under color of state law"). "Private individuals may be considered state actors . . . if they are 'clothed with the authority of state law.'" *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Defendant Trinity, the entity contracted to provide food services to inmates, is a state actor here. *See Buckner v. Vargas*, No. 3:20-cv-00562, 2020 WL

4446261, at *4 (M.D. Tenn. Aug. 3, 2000) (finding that Trinity Food Services is a state actor for Section 1983 purposes); *Hull v. Davidson Cnty. Sheriff's Off.*, No. 3:16-cv-02920, 2017 WL 1322104, at *4 (M.D. Tenn. Apr. 3, 2017) (concluding that an entity contracted to provide food services to inmates is a state actor).

To state a claim under Section 1983 against a private entity like Trinity, Plaintiff must allege that Trinity had a policy or custom that directly caused him to suffer a constitutional violation. *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (citing *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)). "A systematic failure to train . . . adequately is a custom or policy which can lead to municipal liability." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010).

Here, the complaint alleges that Plaintiff had an objectively serious medical need; Trinity was aware that Plaintiff's medical need necessitated a particular diet; Trinity knew that failure to provide that particular diet would pose a serious risk to Plaintiff; Trinity failed to properly train and supervise the inmates who handle the special diet trays, ignoring the risk to Plaintiff; and Plaintiff was injured as a result of Trinity's policies and employees' actions. Viewing the pro se complaint's allegations liberally, the Court finds that these allegations state a colorable Fourteenth Amendment claim against Trinity under Section 1983. This claim shall proceed for further development.

2. The Metropolitan Government

The complaint also names The Metropolitan Government as a Defendant to this action. The Court infers that, by "The Metropolitan Government," Plaintiff names the Metropolitan Government and Davidson County, which the Court will refer to as Metro.

A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by a county or its agent.

*Monell Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). In short, for Metro to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir .2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978)); *Regets v. City of Plymouth*, 568 F. App'x 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the complaint alleges that Metro is "the moving force" behind Trinity's employees' actions and it is "the policy, agreement and contract with Trinity Food Serv that[] allow[s] them to act in such careless, reckless, wanton deliberate indifference manners" as set forth in the complaint. (Doc. No. 1 at 4). These allegations, however, are insufficient to state a claim for municipal liability against Metro under Section 1983. Although the complaint refers to "the policy, agreement, and contract" between Metro and Trinity pursuant to which Trinity provides food services to inmates at the Davidson County Sheriff's Office, the complaint does not identify or describe any of Metro's policies, procedures, practices, or customs relating to the meal tray incidents at issue. The complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiff's rights, and it does not identify any other previous instances of similar violations that would have put Metro on notice of a problem with Trinity acting with deliberate indifference to inmates' dietary

8

restrictions. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL3619790, at *2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Metro. This claim therefore must be dismissed.

## V. CONCLUSION

Plaintiff's Application to Proceed In Forma Pauperis (Doc. No. 3) will be granted.

Having screened the complaint pursuant to the PRLA, the Court finds that Plaintiff's Fourteenth Amendment deliberate indifference claims under Section 1983 against Defendant Trinity Correctional Food Services will proceed. Plaintiff's Section 1983 claims against The Metropolitan Government (Metro) will be dismissed for failure to state claims upon which relief can be granted under Section 1983.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE