IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

Corey Taylor

    Plaintiff

v.

Trinity Services Group et al

    Defendants

RECEIVED
JUL 18 2023
U.S. District Court
Middle District of TN

Case No. 3:22-cv-00920

Judge: William L. Campbell, Jr.

Magistrate Judge: Alistair E. Newbern

## Plaintiff's Response To Trinity's Reply to Plaintiff motion of Opposition to Defendants Motion To Dismiss

Comes Now Plaintiff Corey Taylor pro se without legal counsel, In Response to Trinity's Reply to Plaintiff's Motion of Opposition to Defendant's motion to Dismiss. Plaintiff Raises Objections To Defendant Response.

### Introduction

Defendant Trinity service Group seeks to avoid suit and Denies liability of Injuries and Damages Plaintiff suffered Due to Trinitys employee's failing to adhere to Plaintiff's medical Diet which necessitated a Bland Diet and Due to such acts on Defendant behalf Their Actions Resulted in Deliberate Indifference to Plaintiff's serious medical need which such need necessitated a bland Diet. In Defendant Reply the Misrepresent Plaintiff motion of Opposition and falsely states That because plaintiff said the word "Policy" Does not allege sufficient facts to show an Cause. plaintiff never ever made nor gave any facts or statements to such single word and never Did Plaintiff say Due to him saying Policy shall suffice for grounds of Relief. Defendants Also Takes out of context & Misrepresent the casual connection Plaintiff has linked to the alleged facts and to the policy and Injuries sustained. Plaintiff has made a well Definite statement of his claims and has made casual connections. In such Response Defendants seems to

cont'd

misrepresent and misquote and take out of context what Plaintiff casually connected in his complaint and his Response. Plaintiff never made any new pleadings as Defendant falsely claims and all Plaintiff stated in his Response to Defendant motion to Dismiss, Plaintiff states he believe he has satisfied the threshold for standing and for a Fourteenth Amendment Deliberate ~~violation~~ Indifference Claim. Defendant is not entitled to Dismissal

## Argument

Defendant is not entitled to Dismissal, as they have petitioned this court for. In a motion to Dismiss the courts ruling on such motion, the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." DirecTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2001); Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002). Courts must determine only whether "the claimant is entitled to offer evidence to support the claims," (Plaintiff has submitted evidence to support his claim), not whether the plaintiff can ultimately prove the facts alleged. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Defendant stands to make this court act in a manner that'll promote a disregard to law cause they are attempting to state that Plaintiff cannot prove the facts of his claims to a level that'll rise to constitutional violations cause Plaintiff failed to allege a policy sufficient to bring liability as Monell states. Plaintiff has stated/alleged a policy and custom which shows a continued/repeated practice of Defendant Deliberate Indifference towards Plaintiff's serious medical needs which necessitated a bland diet and due to Defendant failure to adequately train and or supervise ~~it's~~ its employee's. Further, Defendant asserts that Plaintiff pleads new facts and such is not among his allegations in his case, citing to the general rule that courts must only focus on allegations in the pleadings when considering a motion to Dismiss, see Waskul v. Washtenaw Ct. Cnty. Mental Health, 979 F.3d 426, 440 (6th Cir. 2020). (citations omitted). However, the general rule is and shall be inapplicable here: As stated above, courts shall consider documents filed after the complaint by a pro se individual" as part of the pleadings" on a motion to dismiss. Brown, 415 F. App'x at 613

Cont'd

Defendant states Plaintiff attempted to amend his complaint through his Response to their motion to Dismiss, that is untrue and shall be considered as Speculation and such statement shall be opposed. Defendant attempts to seek this court act in a manner contrary to law as given herein. In plaintiff's complaint he has established and demonstrated that he has suffered Injuries in fact; and such Injury/harm was actual and it does satisfy the causation and redressability requirements by showing that Injury fairly can be traced to the challenged action and is likely to be redressed by a favorable Decision, U.S.C.A. const. Art. 3, Sec 1 et seq. Defendant Reply rests upon mere speculation Just as their motion to Dismiss Does as well and shall therefore be insufficient to Grant such motion to Dismiss. Plaintiff has remedy for damages under 1871 civil rights Statute 42 U.S.C. 1983. Plaintiff has alleged that Defendant is responsible for the injuries he suffered, was responsible for his meals which necessitated a special Diet Due to a serious medical need and Due to Defendant failure to abate the situation when it was first brought to their attention and Due to adequately supervise and train it's employee's Plaintiff suffered Injuries and Through Discovery Plaintiff will offer evidence to sustain such Claims. The actions of Defendant Rises to a level of constitutional Violation and Plaintiff has alleged facts to support his claim that an unconstitutional Policy of Defendant violated such Rights of Plaintiff. Defendant motion to Dismissal shall be Denied and such matter shall fall under Kaminski v. Coulter 865 F.3d 339 (6th Cir. 2017) (Citing Wesley v. Campbell, 779 F.3d 421, 433 (6th Cir. 2015) on the basis that Defendant conduct Did violate clearly established statutory & constitutional Rights of Plaintiff to which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1983). Such right at issue is articulated with a significant degree of particularity so that it is sufficiently clear to a reasonable official that his or her conduct would violate the right at issue. Eugene D. V. Karman 869 F.2d 701, 706 (6th Cir. 1989) such actions of Defendant was not consistent with the Rights that they violated of Plaintiff and caused Plaintiff such Injuries as given in the complaint. Plaintiff Claim shall be allowed to continue to Develop and go forward as given in complaint and as it has

Pg 3            Case 3:22-cv-00920    Document 26    Filed 07/18/23    Page 3 of 6 PageID #: 101
                                                                                              cont'd

Been Decided by this court thus so far. Dismissal at this juncture shall be unwarranted.

~~Wherefore~~, Plaintiff seeks that Defendant motion to Dismiss be Denied. Had Defendant acted reasonably and abated the issue when it was brought to their attention such issues would have been adjudicated and resolved and this action would be moot, But Due to Defendant failure to act and correct the issue, they continued to act in Deliberate Indifference to Plaintiff serious medical need and as a Result Plaintiff suffered injuries.

WHEREFORE, Plaintiff respectfully request that this court Deny Defendant Motion to Dismiss and allow such issues to be heard and Decided by a Jury of the maximum number allowed and afford all costs and fee's to Defendant; and for such other and further relief as this court deems meet and just in the circumstances.

Respectfully Submitted
Corey Taylor #534419
Pro se litigant

Certificate of Service

I, Corey Taylor hereby certify that on this 13th day day of July, 2023, a true and accurate copy of the foregoing was placed in TDOC BCCX Inmate mail, postage paid by TDOC. To be Delivered Via U.S.P.S. To the U.S. Dist court Clerk of court to be filed and viewed via ECF system by all parties involved. Counsel for Defendant Alexander B. Chosid

Respectfully Submitted
Corey Taylor

Corey Taylor
534919
1045 Horsehead Rd
Pikeville, TN 37367

Legal
Mail

RECEIVED
JUL 18 2023
U.S. District Court
Middle District of TN

TO: United States District Court for Middle Dist for TN
Attn: Clerk of Court
719 Church St
Nashville, TN 37203

37203-705499

US POSTAGE PITNEY BOWES
ZIP 37367 $ 000.63°
02 4W
0000378348 JUL. 14. 2023



To: U.S. District Court for Middle Dist. for TN
Attn: Clerk of Court
719 Church St
Nashville, TN 37203

RECEIVED
JUL 14 2023
BCCX MAILROOM
OUTGOING

THE DEPARTMENT OF CORRECTIONS BCCX HAS NEITHER INSPECTED AND IS NOT BCCX CENSORED NOR CENSORED FOR THE CONTENTS RESPONSIBLE FOR THE CONTENTS