IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

Corey Taylor

    Plaintiff

v.

Trinity Services Group

    Defendant

RECEIVED
AUG 0 3 2023
U.S. District Court
Middle District of TN

Case No. 3:22-cv-00920

Judge: Campbell Jr.

Magistrate Judge: A. Newbern

## Memorandum In Support of Plaintiff's Opposition to Defendant Motion To Dismiss

Comes Now, Corey Taylor Plaintiff Respectfully Seeking That this Honorable court will hear this Memorandum In further support of Plaintiff's Opposition to Defendant Motion to Dismiss. Plaintiff comes Pro Se without legal counsel and states that reasons this court shall hear this Memorandum of law In further support is Due to his Discovery of law from cases he has researched and have Read and furthermore cause Plaintiff Did, In fact Suffer Actual Injuries which has been casually connected and Demonstrated on the Record.

## Introduction

Defendant has filed a motion to Dismiss Plaintiff's Complaint alleging that Plaintiff has failed To allege facts sufficient to support a claim for Deliberate Indifference to a serious medical need and fails to allege an unconstitutional Policy on the part of Trinity as required by Monell. Plaintiff's complaint is subject to Dismissal as Defendant alleges, but Plaintiff Respectfully object unto such basis/argument and allegations That has been Presented unto this court via Defense.

Pg 1

Case 3:22-cv-00920    Document 29    Filed 08/03/23    Page 1 of 8 PageID #: 114 cont'd

## Factual Background

Plaintiff was ordered by Davidson County Sheriff's Office Medical Staff Wellpath, LLC to be placed on a Bland Diet cause his Diagnosis of Lichenoid Mucositic "Lichen Planus" necessitated such Diet cause the Food that Trinity Service Group provides for the Detainee's at DCSO Jail are contaminated with spices i.e. Cayanne pepper seasoning, Jalapeno's, Paperika, Salt etc which is medically known and forbidden for consumption by individuals with the Disease as Plaintiff is Diagnosed with. Plaintiff filed the complaint with this court due to the Deliberate Indifference Trinity Services Group showed toward his serious medical need. Trinity Services Group actions caused Plaintiff to suffer physical Injuries on several instances with 11-4-22 & 11-5-22 being the most fierce of Injuries Plaintiff suffered due to the actions/activity of such Deliberate Indifference towards Plaintiff serious medical need. Based on all Given herein and the complaint Plaintiff seeks Damages and Damages shall be Given In Relief to Plaintiff Due to the Physical Injuries Plaintiff Did In Fact suffer.

## Applicable Law

Defendant filed a motion to Dismiss Pursuant to Rule 12(b)(6) which challenges the legal sufficiency of the complaint. Law states and provides that under Fed. R. Civ. P. 12(b)(6). "In Ruling on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), Courts will" construe the complaint in the light most favorable to the Plaintiff and accept its allegations as True, and draw all reasonable inferences in favor of the Plaintiff." Direc TV, Inc v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007); Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002). Courts must determine only whether "the claimant is entitled to offer evidence to support the claims." (Plaintiff has submitted Incident Reports to sustain such claim and states that DCSO Jail staff have more Reports and Jail staff can testify unto the claims for which Plaintiff claim). not whether the plaintiff can ultimately prove the facts alleged. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) However, the complaint's allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff

cannot rely on "legal conclusions" or "threadbare recitals of the elements of a cause of action," but rather must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679; Twombly, 550 U.S. at 556. According to Supreme Court, "plausibility" occupies the wide space between "possibility" and "probability". Iqbal, 556 U.S. at 678. Any claim for relief must contain "a short and plain statement of the claim showing that a pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Id. (quoting Twombly, 550 U.S. at 555). Pleadings and documents filed by a pro se litigant are to be "liberally construed", and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). Additionally, courts will consider documents filed after the complaint "as part of the pleadings" on a motion to dismiss. Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 1975) (quoting Flournoy v. Seiter, No. 98-3535, 1987 WL 24129 (6th Cir. Dec. 7, 1987). 42 U.S.C. 1983 Every person, who is under color of any statute, ordinance, regulation, custom, or usage, of any state or Territory or the District of Colombia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party insured in an action at law, suit in equity, or other proper proceeding for redress. Thus, in order to state a claim under 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). The traditional definition of acting under color of state law requires that the defendant in a 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed

cont'd

with the authority of State law." Id at 49 (quoting United States v. Classic, 313 U.S. 299, 326 (1941).

### Standing "Case at bar"

The first issue before this Court is whether Plaintiff has standing to bring his Claim. A party seeking to invoke a federal court's jurisdiction must establish standing to sue before the court may consider the merits of the case. See Whitmore v. Arkansas, 495 U.S. 149, 154 (1990). The Supreme Court has set forth three elements for a Plaintiff to establish standing: (1) The Plaintiff must have suffered an injury in fact; (2) there must be a causal connection between the injury and the challenged conduct; and (3) it must be likely that a favorable decision will remedy the injury. Id. Plaintiff bears the burden of establishing all three elements. LuJuan V. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Plaintiff has established all three elements that the Supreme Court has set forth and Thus in Doing so Plaintiff Claim shall still proceed in the respects of this Honorable Court and Defendant Motion to Dismiss must be Denied.

### Injury In fact

In order to establish an "injury in fact", a Plaintiff must show that he or she "has sustained or is in danger of sustaining some direct injury" as the result of the challenged official conduct and such "injury or threat of injury must be both" real and immediate, not 'conjectural or hypothetical.'" City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983) (citations omitted). The injury, therefore, must be one that "affect(s) the Plaintiff in a personal and individual way." LuJuan, 504 U.S. at 560.

Here, Plaintiff, claims of Deliberate Indifference to his serious medical need which In fact Did necessitate a Bland Diet and Defendant acted in violation of Clearly already establish statutory and constitutional law(s) In the Fourteenth Amendment by Actions

Deliberate Indifference as Given in the Complaint. Due to the unconstitutional actions of Defendant Plaintiff sustained and was placed in danger of further sustaining direct Injury "as Given in Complaint" as a result of the challenged official conduct. The Injury and threat of Injury was both real and Immediate and they were not conjectural or hypothetical. The Injuries Plaintiff sustained and were placed in Danger of sustaining Did affect Plaintiff in Both a Personal and Individual way. Defendant asserts that Plaintiff has not alleged facts sufficient enough as section 1983 states for a basis To support his claim. The complaint states enough facts and Inferences could be Drawn on the merits of the claim and Plaintiff has submitted two Document to sustain his claim and asserts that More could be submitted if this case is allowed to continue to move forward as it shall survive the Defendants Motion to Dismiss. Trinity Services Group are state actors under the color of law and such Deprivation(s) was caused by person(s) Trinity Services Group acting under color of state law. This court has found that Plaintiff Does state a Colorable Fourteenth Amendment claim under section 1983 against Trinity Services Group (Doc. 6 at 3) Although that was at the initial screening That same observation shall stand as Reason for cause for the claim to continue to proceed and Relief afforded to Plaintiff. Defendants are not and shall not stand for the assertions made via Defense and Defendant Motion for Dismissal shall be Denied Based on law and all Given herein according to law for which law Governs all events for which law shall forever Stand. The Second assertion In Defendant Motion to Dismiss shall be Moot and Denied cause it is well settled herein and The complaint and Plaintiff previous motion of Opposition to Defense motion to Dismiss. Plaintiff stated Defendant failed to supervise, Monitor and or train their employee's as Given in complaint. For Reasons Given according to law and herein Defendants motion to Dismiss shall be Denied and This claim shall proceed in this Honorable Court

Respectfully Submitted
Corey Taylor

## Conclusion

Defendant motion to dismiss shall be Denied and Relief Shall be granted unto Plaintiff as Plaintiff seeks Punitive Damages, Compensatory Damages, and Nominal Damages. Plaintiff has Given Sufficient Facts to the Injury In fact and plaintiff has Sustained Physical Injuries as a Result of Defendant actions. Plaintiff Respectfully Seek that this matter be heard By a Jury of the maximum number allowed and Relief granted in his favor. Respectfully

Corey Taylor

## Certificate of Service

I Corey Taylor state that on the 29th day of July I placed this hand-written Document prepared By myself In TN Dep't of Corrections Inmate mail Box at B.C.C.X. In a secured envelope with Postage to be paid By the TN Dep't of Corr Due to Indigency of Plaintiff. This is to be mailed via U.S.P.S. unto U.S. Dist court Clerk of Court located 719 Church St Nashville, TN 37203 To be filed and Received via Ecf System by all parties Involved.

Respectfully Submitted
Corey Taylor

Corey Taylor
TomisID# 534419

Bledsoe County Correctional Complex
1045 Horsehead Road
Pikeville, TN 37367

Legal Mail

**RECEIVED**
AUG 03 2023
U.S. District Court
Middle District of TN

To: U.S. District Court For The
Middle District For TN Nashville
Division
Attn: Clerk of Court
719 Church St
Nashville, TN 37203

US POSTAGE $000.63
ZIP 37367
JUL 31 2023

To: U.S. District Court for The middle
District for TN Nashville, Div
ATTN: Clerk of court
719 Church St
Nashville, TN 37203

RECEIVED
JUL 31 2023
BCCX MAILROOM
OUTGOING

CHATTANOOGA TN

THE DEPARTMENT OF CORRECTIONS
BCCX HAS NEITHER INSPECTED
NOR CENSORED AND IS NOT
RESPONSIBLE FOR THE CONTENTS