UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY TAYLOR,<br><br>　　Plaintiff,<br><br>v.<br><br>TRINITY SERVICE GROUP, INC.,<br><br>　　Defendant. | Case No. 3:22-cv-00920<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:　　The Honorable William L. Campbell, Jr., District Judge

### REPORT AND RECOMMENDATION

This civil rights action brought under 42 U.S.C. § 1983 arises out of pro se and *in forma pauperis* Plaintiff Corey Taylor's pretrial detention in the custody of the Davidson County Sheriff's Office (DCSO) at the Downtown Detention Center (DDC) in Nashville, Tennessee. (Doc. No. 1.) Taylor alleges that Defendant Trinity Services Group, Inc. (Trinity), operates the kitchen at DDC and violated Taylor's constitutional rights by deliberately disregarding medical orders to serve him only bland foods. (*Id.*) Trinity has filed a motion to dismiss Taylor's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. (Doc. No. 19.) Taylor has responded in opposition (Doc. Nos. 22, 24), and Trinity filed a reply (Doc. No. 25). Taylor also filed several surreplies without requesting leave from the Court. (Doc. Nos. 26, 28, 29, 32.) For the reasons that follow, the Magistrate Judge will recommend that Trinity's motion be denied.

I.       Background

    A.      Factual Background[1]

Taylor alleges that healthcare providers at DDC examined him on May 12, 2022, after he complained of "[b]urning, swelling, bleeding ulcers, [and] thick white patches on both [the] left and [r]ight side[s] of his jaw." (Doc. No. 1, PageID# 1.) Taylor told the medical providers that the "majority of the lunch and dinner meals provide[d] at the . . . jail [were] spicy and" that consuming "the spices ex[ac]erbate[d] the pain inside his mouth[,]" causing "burning, blistering, swelling[,] and discomfort . . . ." (*Id.*) The healthcare providers performed a biopsy and sent the biopsied tissue out to a lab for testing. (Doc. No. 1.) In the meantime, a "[n]urse placed Taylor on a [b]land [d]iet[,] which . . . is a regular meal [d]iet [m]inus the spices . . . ." (*Id.* at PageID# 1.) The nurse entered the bland diet order into the jail's medical system and forwarded a copy to the DDC kitchen, which is operated by Trinity and staffed by "[j]ail [i]nmate kitchen workers . . . ." (*Id.* at PageID# 2.)

Taylor alleges that, despite the medical order and the fact that his food trays were labelled with his name and the words "Diet for Health: Bland Diet," Trinity continued to "serve[ ] [him] trays with spicy seasonings such as crushed red peppers and . . . jalapeno peppers . . . ." (*Id.* at PageID# 1.) Sometimes Taylor did not know that the food on his trays contained spices, and he "suffer[ed] [ ] severe pain, burning, swelling, [and] bleeding from the gums and the ulcers inside his mouth" after unwittingly eating the spicy food. (*Id.*) Taylor likens the pain he experienced to "pouring [r]ubbing alcohol on a[n] open flesh wound and [ ] taking hot curl[ing] irons to the skin."

---

[1] The facts in this section are drawn from Taylor's complaint (Doc. No. 1) and accepted as true for purposes of resolving Trinity's motion to dismiss. *See Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016) ("In reviewing the motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.").

2

(*Id.* at PageID# 2.) On one occasion, Taylor's reaction was so severe that jail medical personnel almost transported him to a hospital but, instead, treated him with a steroid shot. (Doc. No. 1.)

Taylor alleges that he has been served spicy meals in violation of his medical orders "countless" times because, although Trinity is "aware" of his bland diet medical orders, it continuously "fail[s] to [a]dequately [m]onitor the handling and care of his trays by making sure that the [j]ail [i]nmates are preparing the [d]iet trays in accordance [with] the diet re[s]trictions." (*Id.* at PageID# 2.) He further alleges that he has often missed meals or had to wait hours for replacement meals, some of which were nutritionally inadequate, to the point that he has not been "able to sleep due to hunger" and "has los[t] weight . . . ." (*Id.*)

B. **Procedural History**

Taylor initiated this action by filing a complaint under 42 U.S.C. § 1983, alleging that Trinity and other defendants violated his "[E]ighth Amendment [r]ight[s]" by "show[ing] [ ] [d]eliberate [i]ndifference to [Taylor's] heath and serious medical need . . . ." (*Id.* at PageID# 3.) The Court granted Taylor's application to proceed *in forma pauperis*, screened his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, and found that Taylor had stated a colorable § 1983 claim against Trinity for deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment, which protects pretrial detainees from the same cruel and unusual punishment prohibited by the Eighth Amendment. (Doc. No. 5.) The Court found that Taylor had plausibly alleged that "Trinity failed to properly train and supervise the inmates who handle the special diet trays, ignoring the risk to" Taylor, and that Taylor "was injured as a result of Trinity's policies and employees' actions." (*Id.* at PageID# 19.) The Court therefore allowed Taylor's municipal liability claim against Trinity to proceed, but dismissed all other claims and defendants in Taylor's complaint under 28 U.S.C. § 1915(e)(2)(b) for failure to state claims on which relief can be granted. (Doc. No. 5.)

Trinity filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the injury alleged in Taylor's complaint is insufficiently serious to establish a deprivation of Taylor's rights under the Eighth Amendment and that Taylor has failed to demonstrate the existence of a policy that was the driving force behind his injury. (Doc. No. 19.) Taylor responds that the Court already found in screening his complaint that he stated a plausible municipal liability claim against Trinity under the Fourteenth Amendment and argues that his allegations are sufficient to withstand Trinity's motion to dismiss. (Doc. Nos. 22, 24.) Trinity filed a reply in support of its motion to dismiss, arguing that Taylor has not sufficiently alleged that Trinity had a policy that caused a violation of Taylor's constitutional rights. (Doc. No. 25.) Taylor filed three surreplies without asking the Court for leave to do so arguing that he has satisfied the relevant pleading standards and that the Court should allow his claim against Trinity to proceed. (Doc. Nos. 26, 28, 29, 32.)

## II.     Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Taylor appears pro se, the Court construes his filings "'liberally'" and holds his complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012). "[C]ourts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.    Analysis**

"Section 1983 provides a civil enforcement mechanism for all inmates [and pretrial detainees] who suffer constitutional injuries at the hands of '[a]ny person acting under color of state law.'" *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 494 (6th Cir. 2008) (second alteration in original) (quoting 42 U.S.C. § 1983). The Supreme Court has held that a government body or private entity performing a government function "can be found liable under § 1983 [ ] where the municipality *itself* causes the constitutional violation at issue" through execution of its own policies or customs. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978)). The overarching question in resolving such

municipal liability claims is "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Id.* Accordingly, for a municipal liability claim "to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Bright v. Gallia Cnty.*, 753 F.3d 639, 660 (6th Cir. 2014).

Trinity has not disputed that it is a state actor for purposes of liability under § 1983, and the Court found in screening Taylor's complaint that Trinity "is a state actor here." (Doc. No. 5, PageID# 18–19 (first citing *Buckner v. Vargas*, No. 3:20-cv-00562, 2020 WL 4446261, at *4 (M.D. Tenn. Aug. 3, 2020); and then citing *Hull v. Davidson Cnty. Sheriff's Off.*, No. 3:16-cv-02920, 2017 WL 1322104, at *4 (M.D. Tenn. Apr. 3, 2017)).) Instead, Trinity argues that the allegations in Taylor's complaint are insufficient to establish a violation of Taylor's Eighth Amendment rights caused by a Trinity policy. (Doc. No. 19.)

### A. Whether Taylor Plausibly Alleges A Violation of His Constitutional Rights

The Eighth Amendment "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' towards the inmate's serious medical needs." *Berkshire v. Dahl*, 928 F.3d 520, 535 (6th Cir. 2019) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004)). However, as the Court explained in screening Taylor's complaint, the Eighth Amendment "'does not apply to pretrial detainees,' like Taylor." (Doc. No. 5, PageID# 18 (quoting *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022)).) Instead, pretrial detainees "have a constitutional right to be free from deliberate indifference to serious medical needs under the Due Process Clause of the Fourteenth Amendment." *Greene*, 22 F.4th at 605. The Sixth Circuit has held that, to state a Fourteenth Amendment claim of deliberate indifference to serious medical needs, a pretrial detainee must

allege "(1) an objectively serious medical need; and (2) that the defendants, analyzed individually, acted (or failed to act) intentionally and either ignored the serious medical need or 'recklessly failed to act reasonably to mitigate the risk the serious medical need posed.'" *Grote v. Kenton Cnty.*, 85 F.4th 397, 405 (6th Cir. 2023) (quoting *Greene*, 22 F.4th at 607). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Richmond v. Huq*, 885 F.3d 928, 938 (6th Cir. 2018) (quoting *Blackmore*, 390 F.3d at 897). A plaintiff also must allege that the defendant "act[ed], whether through intentional action or omission, recklessly in response to the need and the risk it presented to the detainee." *Grote*, 85 F.4th at 405 (citing *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 317 (6th Cir. 2023)).

With respect to the first prong, the Court found in screening Taylor's complaint that Taylor adequately alleged he "had an objectively serious medical need" for purposes of the Fourteenth and Eighth Amendments. (Doc. No. 5, PageID# 19.) Trinity has not argued otherwise in its motion to dismiss. Instead, Trinity asserts that Taylor's claim should be dismissed because he has not alleged "extreme deprivations regarding the conditions of [his] confinement" sufficient to "implicate the protections of the Eighth Amendment." (Doc. No. 19, PageID# 63 (first citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); and then citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)).)

Trinity is correct that courts recognize a constitutional violation when an incarcerated person demonstrates "extreme deprivations" in the conditions of confinement that deny an individual "'the minimal civilized measures of life's necessities' . . . ." *Hudson*, 503 U.S. at 9 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). But that is not the type of constitutional violation that Taylor alleges here. Instead, Taylor alleges that Trinity deliberately disregarded "his

serious medical need to not have spicy foods . . . ." (Doc. No. 1, PageID# 2.) Such claims of deliberate indifference to medical needs are distinct from conditions-of-confinement claims, and courts address them by applying a separate but "similar" analysis. *Hudson*, 503 U.S. at 9.

Under the analysis for a deliberate indifference claim, a pretrial detainee like Taylor first must allege the existence of an objectively serious medical need. *See, e.g.*, *Grote*, 85 F.4th at 406. The Court has already determined that Taylor plausibly alleged an objectively serious medical need. (Doc. No. 5.) Trinity has not offered any argument or legal authority to persuade the Court to reconsider this finding, and its argument that Taylor has failed to allege extreme deprivations is not applicable to Taylor's claim.

With respect to the second prong, the Court found that Taylor has plausibly alleged that "Trinity was aware that [Taylor's] medical need necessitated a particular diet[,]" "knew that failure to provide that particular diet would pose a serious risk to [Taylor,]" and "ignor[ed] the risk to [Taylor]" by "fail[ing] to properly train and supervise the inmates who handle the special diet trays[.]" (Doc. No. 5, PageID# 19.) In support of its motion to dismiss, Trinity argues that Taylor "must also establish a subjective element showing that [it] acted with a sufficiently culpable state of mind." (Doc. No. 19, PageID# 63.) But, as the Court explained in screening Taylor's complaint, while the Eighth Amendment test that governs claims by convicted incarcerated individuals contains a subjective element, the Fourteenth Amendment test that governs claims by pretrial detainees like Taylor does not. (Doc. No. 5.) "Under the Fourteenth Amendment, the Court makes an objective inquiry of whether an official 'acted deliberately (not accidentally) and "recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known."'" (Doc. No. 5, PageID# 18 (quoting *Westmoreland v. Butler Cnty.*, 29 F.4th 721, 728 (6th Cir. 2022)).) The Court already found that the allegations in Taylor's complaint are sufficient to

satisfy this standard for pleading purposes. (Doc. No. 5.) Trinity has not presented any argument or authority to challenge that finding.

### B. Whether Taylor Plausibly Alleges That A Trinity Policy Caused His Constitutional Injury

Trinity's final argument in favor of dismissal is that Taylor "has not even alleged a policy exists, let alone one that rises to the level required at law." (Doc. No. 19, PageID# 66.) The Sixth Circuit has held that, at trial or at summary judgment, a plaintiff alleging municipal liability must prove the existence of a municipal custom or policy in one of four ways:

> [t]he plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). At the motion to dismiss stage, however, a plaintiff need only plead sufficient facts to allow the court to draw the reasonable inference that a municipal custom or policy caused the alleged violation. *See Warren v. Metro. Gov't of Nashville & Davidson Cnty.*, Civ. No. 3:14-CV-2373, 2015 WL 3417844, at *6 (M.D. Tenn. May 27, 2015); *Naselroad v. Mabry*, Civ. Action No. 5:14-389, 2015 WL 1412007, at *5 (E.D. Ky. Mar. 26, 2015); *see also* 6 Tracy Bateman et al., *Federal Procedure* § 11:330 (Lawyers ed. supp. Nov. 2023) ("[A] plaintiff need not specifically plead or identify an unconstitutional policy on the part of a municipality to survive a motion to dismiss a municipal liability claim under Section 1983, but at the very least, a plaintiff must allege facts which would support the existence of an unconstitutional policy or custom.").

The Court found in screening Taylor's complaint that he plausibly alleged that "Trinity failed to properly train and supervise the inmates who handle the special diet trays" at DDC and that Taylor "was injured as a result of Trinity's policies and employees' action." (Doc. No. 5, PageID# 19.) Trinity nevertheless argues that, "[a]t no point [in Taylor's complaint] is the policy

9

that allegedly infring[ed] his rights described or referenced, and no factual allegations . . . supporting the existence of such a policy are levied against Trinity." (Doc. No. 25, PageID# 97.) But Taylor's complaint specifically alleges that "the Trinity food service staff [did] not properly monitor[ ] the jail inmate kitchen workers when preparing special or diet trays" and did not "mak[e] sure that the jail inmates [ ] prepar[ed] the diet trays in accordance [with] . . . diet re[s]trictions . . . ." (Doc. No. 1, PageID# 2.) These factual allegations, taken as true and construed in the light most favorable to Taylor, are sufficient to support an inference that Trinity had a policy of inadequately training and supervising kitchen workers preparing special meal trays and that this policy was the driving force behind Taylor's alleged constitutional injury.

Taylor has plausibly alleged a municipal liability claim against Trinity for deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment, and the Court should deny Trinity's motion to dismiss Taylor's complaint.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Trinity's motion to dismiss (Doc. No. 19) be DENIED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 2nd day of January, 2024.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge