UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY TAYLOR,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TRINITY SERVICE GROUP, INC.,<br><br>　　　　Defendant. | Case No. 3:22-cv-00920<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

**SCHEDULING ORDER**

This matter comes before the undersigned Magistrate Judge for entry of a scheduling order for case management. (Doc. No. 6.) The following Scheduling Order is entered:

**I.　　General Court Rules and Procedures**

This proceeding is governed by the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Middle District of Tennessee. The parties are advised to familiarize themselves with both sets of rules at the beginning of the litigation. There are resources for pro se litigants available on the Court's website[1] that provide additional information regarding the Rules of Civil Procedure. Pro se parties are strongly encouraged to review those materials at the beginning of their case.

Any filing with the Court made by any party must comply with Federal Rule of Civil Procedure 5, which requires that a copy of the filing be sent to each opposing party or, if the party is represented by a lawyer, to each opposing party's counsel. The filing must include a certificate

---

[1]　　Pro se resources may be found at www.tnmd.uscourts.gov/representing-yourself-federal-court.

of service stating to whom the copy has been sent, at what address, and on what date. Any filing that does not include a certificate of service will be returned or stricken from the record.

Each party is responsible for obtaining the documents it needs from the Court's records. The Court will not provide free copies of case documents to the parties. However, the Clerk's Office will provide a copy of a case's docket report upon request. If a party wants to obtain a copy of a document in the Court's records, the party should contact the Clerk's Office copy request line by telephone at (615) 736-5498, by email at copyrequest@tnmd.uscourts.gov, or by fax at (615) 736-7488. The party should be ready to provide the case name, case number, and the specific documents requested. The party must also provide a contact name, address, and telephone number. The cost for copies is $0.50 per page. If the case is electronically filed, copies may also be obtained electronically through PACER (Public Access to Court Electronic Records) at www.pacer.gov.

Each party must keep the Court and all other parties informed of a current mailing address. The failure to keep the Court informed of a current address may result in a recommendation that the action be dismissed for failure to prosecute or for failure to comply with this Scheduling Order. M.D. Tenn. R. 41.01(b) (dismissal for failure of pro se plaintiff to keep Court apprised of current address).

II.   **Pretrial Deadlines**

   A.   **Amendment of Pleadings**

The parties shall file any motion to amend a pleading (e.g., the complaint or answer) on or before **March 25, 2024**. Any motion to amend a pleading must include the signed proposed amended pleading as an exhibit to the motion. M.D. Tenn. R. 15.01(a)(1) (supporting papers). "Amended pleadings must restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections." M.D. Tenn. R. 15.01(b) (form of amended pleading).

### B. Discovery

All discovery shall be completed by **July 25, 2024**.

Discovery is the process by which the parties exchange information about the issues in the case before trial. It is governed by Federal Rules of Civil Procedure 26 through 37. The information gathered can be in the form of interrogatories (written questions and sworn responses), depositions, requests for production of documents, subpoenas, or other procedures addressed by the Federal Rules of Civil Procedure. You should understand that each party bears the cost of its own discovery, unless otherwise ordered by the Court, even if the party appears *in forma pauperis*.

All written discovery should be served far enough in advance (at least thirty days before the deadline) so that all answers or objections to the discovery can be made before the discovery deadline. Any party seeking to serve written discovery on another party that would result in the responses being made after the discovery deadline must file a motion with the Court for permission to serve an untimely discovery request or to extend the discovery deadline.

Written discovery should be served on the party from whom information is requested and should not be filed with the Court, nor should a copy of any written discovery responses be filed with the Court. However, you may file relevant discovery responses as attachments or exhibits to a motion as necessary to support your arguments. A court order is not required for a party to engage in discovery. Discovery does not stop while the Court decides any motions unless a stay of discovery is specifically ordered by the Court.

### C. Discovery Motions

All motions seeking to compel another party to answer discovery or objecting to requested discovery must be filed by **July 25, 2024**.

All discovery motions must comply with the requirements of Federal Rule of Civil Procedure 37, Local Rule 37.01, and any other relevant rules. Before any motion related to a

discovery dispute is filed, the parties must try in good faith to resolve the dispute independently. After the parties have tried to resolve their dispute in good faith, they may request a discovery dispute resolution conference with the Magistrate Judge by filing a motion requesting the conference. The motion shall state the particular discovery requests or responses that are in dispute and shall certify that the parties have tried to resolve the dispute independently.

**D.      Dispositive Motions**

All dispositive motions, including motions for summary judgment, shall be filed by **September 25, 2024**. Responses shall be filed by no later than twenty-eight days after the dispositive motion is served. Dispositive motions and responses are limited to twenty-five pages. Any optional reply shall be filed by no later than fourteen days after the response is served, and be limited to five pages. If service is made by mail, three days are added to the time period for response or reply, in accordance with Federal Rule of Civil Procedure 6.

The parties should refer to Federal Rule of Civil Procedure 56 and Local Rule 56.01 for summary judgment procedures. Any motion for summary judgment shall be accompanied by a separate, concise statement of material facts as to which the moving party believes there is no genuine issue for trial. Each fact shall be set forth in a separate numbered paragraph and be supported by a specific citation of the record. Any response in opposition to the motion for summary judgment shall respond specifically to each assertion of fact, indicating whether it is disputed, not disputed for purposes of ruling on summary judgment only, or not disputed. A response that a statement of fact is disputed shall be supported by specific citations of the record. Failure to respond in opposition to a statement of material fact may result in the Court assuming that the fact is true for purposes of summary judgment. M.D. Tenn. R. 56.01(f) (failure to respond).

The party opposing summary judgment must show that a genuine issue of fact exists by citing the record, affidavits, deposition testimony, discovery responses, or other documentary

evidence. Mere argument that the facts are disputed without supporting evidence will not defeat a motion for summary judgment. If a dispositive motion is not responded to by the date set above and no extension of time has been granted, that failure to respond may result in the Court finding that the motion is not opposed, taking the facts alleged in the motion as true, and granting the requested relief. This may result in the dismissal of the case.

No party may file a motion for partial summary judgment unless the Court has granted leave for it to do so. A party may request leave to file a motion for partial summary judgment by filing a motion for leave that states why doing so would materially advance the resolution of the case or improve judicial efficiency.

### E. Other Motions

Any response in opposition to any other motion shall be filed within fourteen days of being served with the motion. If service is made by mail, three days are added to this date, in accordance with Federal Rule of Civil Procedure 6.

## III. Trial Date

The target jury trial date is May 25, 2025.

It is so **ORDERED**.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge