UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| COREY TAYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>TRINITY CORRECTIONAL FOOD SERVICE<br>and METROPOLITAN GOVERNMENT,<br><br>Defendants. | No. 3:22-cv-05527-JHC-TLF |

**TRINITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Trinity Services Group, Inc. (hereinafter "Trinity"), by and through counsel, and for its Memorandum of Law in Support of its Motion for Summary Judgment, state as follows:

## I. INTRODUCTION

Plaintiff has failed to produce admissible evidence sufficient to prove the element of his claims. As Plaintiff bears the burden of proof, this failure entitles Trinity to judgment as a matter of law. And, even if that were not the case, Trinity is entitled to qualified immunity, as it is considered as a state actor in these circumstances. Accordingly, Plaintiff cannot prevail.

## II. FACTS

The lone material fact in the record is the following: that Trinity supplied food preparation services to the Davidson County Sherriff's Office. (*See,* Compl,. &

Answer). Otherwise, the record is bare in terms of other admissible evidence that bears on the elements of Plaintiff's claims.

## III. STANDARD OF REVIEW

Summary judgment is warranted when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). No genuine issues of material fact exists if the nonmoving party lacks evidence to support an essential element of his case. *Celotex Corp v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). The nonmoving party bears the burden of presenting "significant probative evidence to show that there is more than some metaphysical doubt as to the material facts." *Ford v. General Motors Corp.*, 305 F.3d 545, 551 (6th Cir. 2002) (quotations and citation omitted). As such, a nonmoving party cannot rest upon the allegations within his complaint to defeat summary judgment. *Ford*, 305 F.3d at 552 (citations omitted); *see also Arendale*, 519 F.3d at 605 ("Conclusory assertions, supported only by plaintiff's own opinions, cannot withstand a motion for summary judgment.").

## IV. ARGUMENT

Plaintiff's lawsuit must be dismissed for three reasons. *First*, because Plaintiff has adduced no substantive evidence in support of his factual claims, he cannot meet his evidentiary burden. *Second*, because Trinity is a corporate entity, Plaintiff needed to prove the existence of an unconstitutional policy—and he has not done so. *Third*, because Trinity was working under contract with the Davidson County Sherriff's

Office, it is entitled to qualified immunity. For all of these reasons, Trinity is entitled to summary judgment.

### A. Plaintiff has failed to provide the factual proof required for his claim.

Plaintiff, while detained at the Davidson County Jail, claims he suffered from a medical condition which required a bland diet. (*See generally,* Compl.). Plaintiff claimed that the Trinity-run kitchen occasionally provided him meals containing spices that aggravated his medical condition. Id. Plaintiff also claims that this failure to follow his ordered diet, prepared by inmates, constituted a constitutional violation, namely deliberate indifference to serious medical needs by failing to properly supervise inmates who prepared special diet trays. Id.

The Sixth Circuit has held that, to state a Fourteenth Amendment claim of deliberate indifference to serious medical needs, a pretrial detainee must allege "(1) an objectively serious medical need; and (2) that the defendants, analyzed individually, acted (or failed to act) intentionally and either ignored the serious medical need or 'recklessly failed to act reasonably to mitigate the risk the serious medical need posed.'" *Grote v. Kenton Cnty.*, 85 F.4th 397, 405 (6th Cir. 2023) (quoting Greene, 22 F.4th at 607).

As discussed below, other than Plaintiff's detention (which the Court can take judicial notice of), and other than the admission by Trinity that it was under contract to provide services to the Davidson County Sherriff's Office, there is absolutely no admissible evidence in the records to support Plaintiff's claims. Accordingly, they must all be dismissed at this time.

> *1. Plaintiff has failed to provide admissible evidence showing that he suffered from a serious medical need.*

The Sixth Circuit has previously held that "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Richmond v. Huq*, 885 F.3d 928, 938 (6th Cir. 2018) (quoting Blackmore, 390 F.3d at 897). Accordingly, the first step in the process for Plaintiff to prove his claim would be to provide evidence from a physician showing that he has such a need.

Turning to the record, no such evidence exists. The closest Plaintiff has gotten in his prior filings is a combination of his own unsworn hearsay statements about his alleged condition and some unauthenticated documents that he claims amount to orders for a bland diet. None of that is admissible evidence sufficient to defeat this Motion. *See,* Fed. R. Evid. 802; 701; 901; *See also, Michigan Paytel Joint Venture v. City of Detroit,* 287 F.3d 527, 532 n. 5 (6th Cir.2002)("[U]nauthenticated documents do not meet the requirements of Rule 56(e)"); *Moore v. Holbrook,* 2 F.3d 697, 699 (6th Cir.1993) ("This court has ruled that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded"); 559 *Meals v. City of Memphis, Tenn.,* 493 F.3d 720, 728–29 (6th Cir.2007); *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 968–69 (6th Cir.1991).

Indeed, Plaintiff has not just failed to produce admissible evidence of a serious medical condition, but as of the time of the filing of this Motion, Plaintiff has gone so far as to even object to Trinity obtaining his medical records. (*See,* ECF 59 & 60). Or,

in other words, it is not just that Plaintiff has failed to produce admissible evidence of this element of his claim, but rather, that he has actively refused to do so. Accordingly, Plaintiff cannot show that he has a serious medical condition, and his case must therefore be dismissed at this time.

    *2.    Plaintiff has failed to provide any evidence whatsoever regarding Trinity's actions or mental state relevant to this case.*

Plaintiff failed to conduct discovery regarding the second element of his claim., Unsurprisingly, he has no evidence to support the same. Thus, Trinity is entitled to summary judgment.

For Plaintiff to successfully prosecute his claims, he needed to provide sufficient evidence for this Court to conclude that Trinity acted deliberately and recklessly with respect to Plaintiff's alleged medical condition. *Westmoreland v. Butler Cnty.*, 29 F.4th 721, 728 (6th Cir. 2022) ("A defendant must have acted deliberately (not accidentally) and recklessly "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known"). However, the record contains no evidence sufficient to make out this element of Plaintiff's claim, and discovery is now closed.

Accordingly, Plaintiff cannot prevail on this second element of his claim, and thus Trinity is entitled to summary judgment.

    B.    <u>Plaintiff has not provided evidence of an allegedly unconstitutional policy.</u>

Setting aside the elements of Plaintiff's claim, there is also a second reason Plaintiff's case must be dismissed. Specifically, the absence of any proof of an unconstitutional policy that harmed Plaintiff.

A entity like Trinity can only be liable under § 1983 only if it "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" that is unconstitutional, or if a unconstitutional practice occurs "pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 659, 98 S. Ct. 2018, 2019, 56 L. Ed. 2d 611 (1978). Thus, to succeed on his claims against Trinity, Plaintiff needs to provide evidence of such an unconstitutional policy or practice.

Plaintiff has provided no evidence of an unconstitutional policy in this suit. Accordingly, he cannot make the required evidentiary showing to sustain his cause of action, and this case must be dismissed.

C.     Trinity is entitled to qualified immunity.

As admitted in the Answer, Trinity was engaged by the Davidson County Sherriff's Office to provide certain services. By virtue of that contract, Trinity is treated as a state actor pursuant to applicable law.

Because Trinity is a state actor, it is entitled to qualified immunity. That doctrine shields state actors from liability based on their discretionary acts. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) "In so doing, the doctrine gives state actors the freedom to perform their official duties without

fear that even a slight misstep will trigger their financial ruin." *Wyatt v. Cole*, 504 U.S. 158, 167, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992) However, the doctrine thus offers no solace to "the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

Here, Plaintiff has adduced no evidence that Trinity was plainly incompetent or knowingly violated the law. Thus, Plaintiff cannot overcome the doctrine of qualified immunity, and he case must be dismissed.

## V. CONCLUSION

Plaintiff has failed to meet the evidentiary burden necessary to maintain his case. Additionally, Trinity is entitled to qualified immunity. Thus, Trinity is entitled to judgment as a matter of law, and summary judgment must therefore be issued in its favor

Respectfully submitted,

*/s/Alexander B. Chosid*
Alexander B. Chosid
TKC Holdings, Inc.
1260 Andes Boulevard
St. Louis, MO 63132
Tel: (314) 214-2806
Fax: (314) 214-2794
Alex.Chosid@TKCHoldings.com

*/s/ Sean C. Wlodarczyk*
Sean C. Wlodarczyk (#30410)
EVANS, JONES & REYNOLDS
401 Commerce St. Ste. 710
Nashville, TN 37219
Swlodarczyk@ejrlaw.com
P: (615) 259-4685
*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that, on this date a true and correct copy of the foregoing document has been served via U.S. Mail on the following:

Corey Taylor
#534419
Turney Center Industrial Center
1499 R.W. Moore Memorial Hwy
Only, TN 37140

*Pro Se Plaintiff*

This 25th day of September 2024.

*/s/ Sean C. Wlodarczyk*
Sean C. Wlodarczyk, Esq.
