UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COREY TAYLOR,

      Plaintiff,

v.

TRINITY SERVICE GROUP, INC.,

      Defendant.

Case No. 3:22-cv-00920

Chief Judge William L. Campbell, Jr.
Magistrate Judge Alistair E. Newbern

## <u>MEMORANDUM ORDER</u>

This civil rights action brought under 42 U.S.C. § 1983 arises out of pro se and *in forma pauperis* Plaintiff Corey Taylor's pretrial detention in the custody of the Davidson County Sheriff's Office (DCSO) at the Downtown Detention Center (DDC) in Nashville, Tennessee. (Doc. No. 1.) Taylor, who remains incarcerated in the custody of the Tennessee Department of Corrections (TDOC), has filed a number of motions including a motion to strike Defendant Trinity Services Group, Inc.'s answer and affirmative defenses (Doc. No. 40); a motion to appoint counsel to represent him in this action (Doc. No. 44); a motion for judicial notice regarding his ongoing issues receiving legal mail from Trinity (Doc. No. 49); a motion objecting to defense counsel's notice of appearance (Doc. No. 54) and a motion for leave to file a reply in support of that motion (Doc. No. 58); a second motion for an extension of time to complete discovery (Doc. No. 55); a motion for court intervention regarding discovery of his medical records (Doc. No. 57); a motion for judicial notice related to his medical records (Doc. No. 59); a motion to quash subpoenas for his medical records (Doc. No. 60); a motion for leave to file a reply in support of his motions regarding his medical records (Doc. No. 65); a motion for an extension of time to respond to Trinity's motion for summary judgment (Doc. No. 66); a motion for leave to file an affidavit (Doc.

No. 67); and a motion for leave to file a response in opposition to Trinity's summary judgment motion (Doc. No. 69).

Trinity has responded in opposition to Taylor's motion (Doc. No. 54) objecting to defense counsel's notice of appearance and two of Taylor's motions (Doc. Nos. 59, 60) related to his medical records. (Doc. Nos. 56, 61.)

## I.    Relevant Background

Trinity operated the kitchen at DDC while Taylor was detained there. (Doc. No. 1.) Taylor initiated this action by filing a complaint under 42 U.S.C. § 1983 alleging that Trinity violated his constitutional rights by deliberately disregarding medical orders to serve him only bland foods. (*Id.*) Specifically, Taylor alleges that Trinity and other defendants violated his "[E]ighth Amendment [r]ight[s]" by "show[ing] [ ] [d]eliberate [i]ndifference to [his] heath and serious medical need . . . ." (*Id.* at PageID# 3.) The Court granted Taylor's application to proceed *in forma pauperis*, screened his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, and found that Taylor had stated a colorable § 1983 claim against Trinity for deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment, which protects pretrial detainees from the same cruel and unusual punishment prohibited by the Eighth Amendment. (Doc. No. 5.) The Court further found that Taylor had plausibly alleged that "Trinity failed to properly train and supervise the inmates who handle the special diet trays, ignoring the risk to" Taylor and that Taylor "was injured as a result of Trinity's policies and employees' actions." (*Id.* at PageID# 19.) The Court therefore allowed Taylor's municipal liability claim against Trinity to proceed but dismissed all other claims and defendants under 28 U.S.C. § 1915(e)(2)(b) for failure to state claims on which relief can be granted. (Doc. No. 5.) The Court referred this action to the Magistrate Judge to dispose or recommend disposition of any pre-trial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 6.)

Trinity filed a motion to dismiss Taylor's claims against it under Federal Rule of Civil Procedure 12(b)(6) arguing that Taylor had not alleged a sufficiently serious injury to establish a deprivation of his rights under the Eighth Amendment and that Taylor failed to demonstrate the existence of a policy that was the driving force behind his injury. (Doc. No. 19.) The Court denied Trinity's motion to dismiss, finding that Taylor's complaint plausibly alleged a sufficiently serious injury caused by Trinity's policy of inadequately training and supervising kitchen workers preparing special meal trays. (Doc. Nos. 33, 34.)

The Court entered a scheduling order setting March 25, 2024, as the deadline for filing motions to amend the pleadings; July 25, 2024, as the deadline for completing all discovery; and September 25, 2024, as the deadline for filing dispositive motions. (Doc. No. 35.) The Court later extended the discovery deadline to September 9, 2024, on Taylor's motion. (Doc. Nos. 51–53.)

On March 5, 2024, Trinity filed an answer to Taylor's complaint asserting eleven affirmative defenses. (Doc. No. 38.) Shortly thereafter, Taylor filed a motion to strike Trinity's answer and affirmative defenses under Federal Rule of Civil Procedure 12(f) (Doc. No. 40) and a motion to appoint counsel (Doc. No. 44). Trinity did not file a response in opposition to either motion.

A few months later, Taylor filed a "motion for permission for leave to file a motion for judicial notice" asking the Court to order Trinity to file its discovery requests on the docket and to ensure that Trinity's mailings to Taylor comply with TDOC's policies for legal mail. (Doc. No. 49, PageID# 220.) Trinity did not file a response in opposition.

On July 18, 2024, attorney Sean C. Wlodarczyk filed a notice of appearance on behalf of Trinity. (Doc. No. 50.) Taylor filed a "motion for leave to file an objection to [Trinity's] motion for notice of appearance[.]" (Doc. No. 54, PageID# 233.) Trinity filed a response in opposition

(Doc. No. 56), and Taylor filed a "petition [ ]for leave to file [a] reply . . ." (Doc. No. 58, PageID# 261).

On July 25, 2024, the Court received Taylor's first motion for an extension of time to complete discovery. (Doc. No. 51.) Trinity filed a response the same day stating that it did not oppose the requested extension. (Doc. No. 52.) The Court granted Taylor's motion and extended the discovery deadline to September 9, 2024. (Doc. No. 53.) The Court also addressed Taylor's "ongoing difficulties with officials at Turney Center Industrial Complex [TCIX] not recognizing the address of [in-house] counsel for [Trinity] as a law office." (*Id.* at PageID# 231.) The Court noted that "Wlodarczyk has now appeared as counsel for Trinity" and that he "has a mailing address that reflects his employment at a law firm[.]" (*Id.*) "To avoid future difficulty with sending and receiving legal mail associated with this case," the Court ordered Taylor "to send all service copies of his filings to Wlodarczyk" and ordered Trinity "to send all legal mail to Taylor from Wlodarczyk's address on letterhead and with a return address that clearly demonstrates it is mailed from Wlodarczyk's law firm." (*Id.* at PageID# 232.) The Clerk of Court mailed a copy of the Court's order to Taylor at TCIX.

On August 2, 2024, the Court received Taylor's second motion for an extension of time to complete discovery, which Taylor signed on July 24, 2024. (Doc. No. 55.) The motion asks the Court to "grant him an extension of time from July 25, 2024 to August 25, 2024 for both completion of discovery and discovery motions . . . ." (*Id.* at PageID# 248.) Trinity did not file a response to Taylor's second motion to extend the discovery deadline.

On August 27, 2024, the Court received a filing from Taylor titled "petition for leave to file a motion requesting for the court to intervene" asking the Court to prevent Trinity from accessing his "full medical history" and arguing that his medical records are "not relevant to this

4

matter." (Doc. No. 57, PageID# 255.) Taylor also filed a "petition for leave to file urgent judicial notice in regards to his medical file" (Doc. No. 59, PageID# 264) and a "petition for leave to file [an] objection to [Trinity's] motion and subpoenas for medical records" (Doc. No. 60, PageID# 267). Taylor argues that "[i]t has not been decided by this court that [Trinity] is authorized and has permission to access [his] protected health information" (Doc. No. 59, PageID# 264) and asks the Court to "deny subpoenas" that Trinity served on TDOC and several correctional institutions seeking Taylor's medical records (Doc. No. 60, PageID# 268). Trinity filed a response in opposition arguing that Taylor's "medical records are relevant to the claims and defenses involved in this action, and are therefore discoverable . . . ." (Doc. No. 61, PageID# 272.) Taylor filed a "request for leave to file a [r]esponse" in support of his motions reiterating his arguments that his full medical file is not relevant to his claims in this action and that he has a right to medical privacy. (Doc. No. 65, PageID# 289.)

On September 25, 2024, Trinity filed a motion for summary judgment (Doc. No. 62) supported by a memorandum of law (Doc. No. 63) and a statement of undisputed material facts (Doc. No. 64). Taylor filed four motions in response: a motion for an extension of time to file his response in opposition (Doc. No. 66); a motion for leave to file an affidavit (Doc. No. 67); a "motion to extend [the] record" (Doc. No. 68, PageID#309); and a motion "for leave to file [his] opposition to [Trinity's] motion for summary judgment" (Doc. No. 69, PageID# 313). Trinity filed a reply in support of its motion for summary judgment construing Taylor's motion for leave to file his opposition as his response to its summary judgment motion. (Doc. No. 70.) Trinity did not respond to Taylor's other motions related to its summary judgment motion.

## II. Analysis

### A. Motions for Leave to File Replies

This Court's Local Rules provide that a party may file "[a]n optional reply memorandum . . . within seven (7) days after service of [a] response" to a motion. M.D. Tenn. R. 7.01(a)(4) (reply). Taylor therefore does not need this Court's leave to file a reply in support of a pending motions. His motions for leave to file replies (Doc. No. 58, 65) will therefore be found moot and the Court will instead construe these filings as Taylor's replies in support of his pending motions.

### B. Motion to Appoint Counsel

Taylor filed a "petition for permission for leave to file [a] motion for appointment of counsel." (Doc. No. 44, PageID# 175.) The Court construes this motion as a motion for appointment of counsel under 28 U.S.C. § 1915(e)(1). Taylor argues that "counsel is needed to protect [his] rights . . . [,] to prevent any manifestation of injustices[,] and to assist [him] with filing of motions . . . ." (*Id.*) He states that he is unable "to investigate and locate witnesses" because jail officials are "tampering with his legal and non-legal mail due to retaliatory acts . . . unrelated to this cause [of action]." (*Id.*) Taylor further states, "without assistance of counsel[,]" he "cannot obtain Davidson County Sheriff's Office jail incident reports" or "copies of doctor's orders regarding his bland non-spicy diet trays" from "Wellpath Medical" and cannot retain an "expert witness" as "needed" to succeed on his claims. (*Id.*) Trinity has not opposed Taylor's request for appointment of counsel.

In civil actions, unlike criminal proceedings, there is no constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) ("'Appointment of counsel in a civil case is not a constitutional right.'" (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985))); *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018) (citing *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), for the proposition that "there is

6

no constitutional right to an appointed counsel in a civil action"). District courts have discretion to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but there must be exceptional circumstances justifying such an appointment. *See Lavado*, 992 F.2d at 606 (quoting *Wahl*, 773 F.2d at 1174); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (interpreting then § 1915(d)). To determine "whether exceptional circumstances exist, a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hollis*, 2018 WL 3572391, at *2.

At this stage in the proceedings, the Court finds no exceptional circumstances to warrant appointment of counsel. Incarcerated litigants commonly proceed without counsel in similar cases. Taylor has shown in his pleadings and motions filed to date that he can communicate with the Court effectively, including communicating about issue receiving mail and conducting discovery. (Doc. Nos. 1–3, 7, 9–11, 18, 21, 22, 24, 26–29, 31, 32, 36, 37, 40, 43, 44, 46, 47, 49, 51, 54, 55, 57–60, 65–69.) The factual and legal issues in this case are not unusually complex. If circumstances of this case change—for example, if Taylor's claims proceed past summary judgment—Taylor may raise the issue of appointed counsel again.

### C.     Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that the Court may, upon a party's motion or sua sponte, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *see also Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) ("[T]he action of striking a pleading should be sparingly used by the courts . . . [and] is a drastic remedy to be resorted to only when required for the purposes of justice."). "The disfavored status of Rule 12(f) motions extends to those motions

seeking to strike a defense." *Cool Springs Fin. Grp. v. Albright*, Case No. 3:19-cv-0964, 2020 WL 13888739, at \*4 (M.D. Tenn. Dec. 4, 2020). "This reluctance to strike pleadings stems from 'the practical difficulty of deciding cases without a factual record . . .' and the potentially 'dilatory and often harassing character' of a motion to strike." *In:ciite Media, LLC v. Christmas of Light Prods., LLC*, Case No. 3:16-cv-00629, 2021 WL 2209307, at \*2 (M.D. Tenn. June 1, 2021) (first quoting *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822; and then quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. suppl. Apr. 2021)). District courts have ample discretion to strike filings under Rule 12(f), and their decisions are reviewed only for abuse of that discretion. *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017).

Taylor's motion to strike (Doc. No. 40) addresses Trinity's answer, which asserts eleven affirmative defenses to Taylor's claims:

1.      [Taylor's] Complaint fails, in whole or in part, to state a claim against [Trinity] upon which relief may be granted.

2.      At all times relevant herein, [Trinity] acted in good faith in the performance of its official duties without violating [Taylor's] clearly established statutory or Constitutional rights of which a reasonable person would have known. [Trinity] is, thereby, protected from suit by the doctrine of qualified immunity.

3.      To the extent that [Taylor] has failed to exhaust his administrative remedies prior to the initiation of the cause of action, [Taylor's] claims are barred by the Prison Litigation Reform Act and other applicable statutes.

4.      To the extent [Taylor's] claims are against [Trinity] in its official capacity, the claims are barred by the Eleventh Amendment.

5.      To the extent that [Taylor] has failed to appropriately disclose his litigation history to this Court, [Taylor's] claim are subject to dismissal pursuant to the requirements of the Prison Litigation Reform Act.

6.      Any award of punitive damages would violate the Constitution's protection against deprivation of property without due process.

7. In the event [Taylor] received or does receive any consideration or settlement from another tortfeasor, [Trinity] is entitled to a setoff in the amount of any such consideration or settlement.

8. If [Taylor] was injured, which [Trinity] denies, such injury was caused by the negligence, carelessness or fault of [Taylor].

9. If [Taylor] was injured, which [Trinity] denies, such injury was caused by the negligence, carelessness or fault of a third party over [which] [Trinity] has no control.

10. [Taylor] has failed to allege an unconstitutional policy or procedure pursuant to *Monell* and his suit thereby fails.

11. [Taylor's] claims are barred by the applicable statute of limitations.

(Doc. No. 38, PageID# 155–56, ¶¶ 1–11.)

Taylor argues that the question of whether he "has stated a plausible claim and the issues [Trinity] presented in their Motion to Dismiss . . . have already been adjudicated by the Court." (Doc. No. 40, PageID# 163–64.) Specifically, Taylor argues that, "[i]n ruling on [Trinity's] motion to dismiss, this court found that [Taylor] plausibly alleged a municipal liability claim against Trinity for deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment, and this court denied Trinity's motion to dismiss . . . ." (*Id.* at PageID# 164.) Taylor argues that the Court's denial of Trinity's motion to dismiss "is [the] established law of this case; therefore any affirmative defenses based on failure to state a claim or that [Trinity] is not liable for [Taylor's] injuries shall be moot and the defenses [and] answer shall be stricken." (*Id.*) Trinity has not responded to Taylor's motion to strike.

"[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. suppl. June 2024). Taylor is correct that the Court has already found, for purposes of ruling on Trinity's motion to dismiss under Rule 12(b)(6), that "Taylor has plausibly alleged a municipal liability claim against Trinity

for deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment" (Doc. No. 33, PageID# 141; *see also* Doc. No. 34 (adopting report and recommendation)), and that this finding is the "law of this case" (Doc. No. 40, PageID# 164). The Court specifically found that Taylor's "factual allegations . . . are sufficient to support an inference that Trinity had a policy of inadequately training and supervising kitchen workers preparing special meal trays and that this policy was the driving force behind Taylor's alleged constitutional injury." (Doc. No. 33, PageID# 141.) Trinity therefore will not succeed on its first and tenth affirmative defenses, which assert that the "[c]omplaint fails, in whole or in part, to state a claim against [Trinity] upon which relief may be granted" and that Taylor "has failed to allege an unconstitutional policy or procedure pursuant to *Monell* and his suit thereby fails." (Doc. No. 38, PageID# 155–56, ¶¶ 1, 10.)

However, while the Court has already determined that Taylor's complaint plausibly alleges a municipal liability claim against Trinity for violation of Taylor's Fourteenth Amendment rights, there is no indication that allowing Trinity's now-moot first and tenth affirmative defenses to remain in its answer will result in any prejudice to Taylor. *See Cool Springs Fin. Grp.*, 2020 WL 13888739, at *4 ("Even when a motion to strike is substantive, it will often be directed at something likely to be inconsequential, such as a defense or a theory that was simply included *pro forma* in a pleading out of a desire to avoid waiver of an issue that might unexpectedly arise, but which will likely play little role in the litigation as it proceeds."). And Taylor has not identified any legal basis on which to strike Trinity's remaining affirmative defenses or other sections of its answer. The "drastic remedy" of "striking a pleading" is therefore not "required for the purposes of justice" in this case. *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822. Taylor's motion to strike will therefore be denied.

10

### D. Motion for Judicial Notice

Taylor's "motion for permission for leave to file a motion for judicial notice" (Doc. No. 49, PageID# 220) concerns Taylor's issues with receiving legal mail from Trinity's counsel at TCIX. A few weeks after Taylor filed his motion for judicial notice, the Court addressed this issue by ordering Trinity "to send all legal mail to Taylor from Wlodarczyk's address on letterhead and with a return address that clearly demonstrates it is mailed from Wlodarczyk's law firm" and ordering Taylor "to send all service copies of his filings to Wlodarczyk[.]" (Doc. No. 53, PageID# 232.) Taylor's motion for judicial notice will therefore be found moot.

### E. Objection to Counsel's Notice of Appearance

In response to Wlodarczyk's notice of appearance on behalf of Trinity (Doc. No. 50), Taylor filed a "motion for leave to file an objection to [Trinity's] motion for notice of appearance" asking the Court "to deny [Trinity's] motion for notice of appearance and . . . give a sanction [to Trinity] for violation of court rules and all this court deems proper according to law." (Doc. No. 54, PageID# 233.) Taylor argues that Wlodarczyk's notice uses an incorrect legal name for Trinity, and that Trinity violated this Court's Local Rules by failing to file a motion for substitution of counsel for Wlodarczyk and failing to file a motion to withdraw for Trinity's other counsel, Alexander Chosid. (Doc. No. 54.) Trinity responds that Taylor's motion "is based on a misapprehension" that Trinity "attempted to substitute counsel or have its existing counsel . . . withdraw" when, in actuality, Trinity "merely added [Wlodarczyk]" as another member of its legal team and, therefore, "no motion for substitution of counsel or motion to withdraw was called for." (Doc. No. 56, PageID# 252.) Trinity further states that it styled the notice of appearance as on behalf of "Trinity Correctional Food Services" because "[t]hat is the name [Taylor] used in his Complaint to serve the Defendant" and "[t]he Court's subsequent orders have made it plain that the Court understands that undersigned counsel is representing the Defendant, no matter whether

the Defendant is designated as 'Trinity Correctional Food Service' (in the original complaint) or 'Trinity Services Group, Inc.' (as since altered by order)." (*Id.* at PageID# 253.) Taylor replies that he "was not informed by . . . Chosid that he w[ould] be seeking co-counsel" and states that Taylor "stands by his motion asking this court to deny the appearance of co-counsel [be]cause it's only delaying this case and causing unnecessary confusion." (Doc. No. 58, PageID# 261.)

Because Wlodarczyk is acting as co-counsel with Chosid and not replacing him, a motion to substitute or withdraw counsel is not required. *See* M.D. Tenn. R. 83.01(g) (withdrawal as attorney of record); M.D. Tenn. R. 83.01(h) (substitution of counsel). Trinity and Chosid also were not required to notify Taylor in advance of Wlodarczyk's appearance. Local Rule 83.01(e) governs notices of appearance and provides that "[a]ny attorney representing a party in any civil action must file a separate Notice of Appearance" which "must be filed by the attorney promptly upon undertaking the representation and before or contemporaneously with the filing of any paper, other than a complaint, petition, or notice of removal, by such attorney." M.D. Tenn. R. 83.01(e)(1) (representation of parties in civil cases). Wlodarczyk appropriately entered an appearance when he undertook representing Trinity in this case.

Taylor's motion for leave to file an objection to Wlodarczyk's notice of appearance will therefore be denied.

### F. Motion to Extend Discovery Deadline

On July 29, 2024, the Court entered an order granting Taylor's first motion for an extension of time to complete discovery (Doc. No. 51) and extending the discovery deadline from July 25, 2024, to September 9, 2024. (Doc. No. 53.) Four days later, the Court received a filing from Taylor titled "petition for leave to file motion for extension of time to complete discovery" asking the Court to "grant him an extension of time from July 25, 2024 to August 25, 2024" to complete discovery and file discovery motions. (Doc. No. 55, PageID# 247, 248.) Taylor certified that he

placed his motion "in the institutional inmate mail box" at TCIX on July 24, 2024 (*id.* at PageID# 249), five days before the Court granted his prior motion for an extension and extended the discovery deadline to September 9, 2024. Because the Court has already granted the relief that Taylor seeks in his second motion to extend the discovery deadline, his motion will be found moot.

### G. Motions Regarding Medical Records

Taylor's motions regarding production of his medical records reflect Taylor's position that his full medical record is not relevant to this action and that, under medical privacy laws, Trinity must obtain Taylor's consent to view his confidential medical records. (Doc. Nos. 57, 59, 60.) As Trinity points out, however, Taylor placed his medical condition at issue by filing this action against Trinity for constitutional violations related to his medical needs. "Courts in this circuit recognize that 'plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had.'" *Chibbaro v. Everett*, Case No. 3:20-cv-00663, 2022 WL 20402877, at *3 (M.D. Tenn. Mar. 23, 2022) (quoting *Tyson v. Regency Nursing, LLC*, Civ. Action No. 3:17-CV-91, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018)); *see also Kitchen v. Corizon Health, Inc.*, Case No. 1:16-cv-190, 2017 WL 5197115, at *2 n.3 (W.D. Mich. Nov. 10, 2017) ("Prisoners claiming deliberate indifference to serious medical needs place their medical condition and the medical care that they have received directly at issue and thereby waive whatever privileges or statutory protection the medical records may have previously enjoyed under HIPAA."), *rev'd in part on other grounds sub nom. Kitchen v. Snyder*, No. 20-1936, 2021 WL 4470032 (6th Cir. June 23, 2021); *Mathews v. Guardian Life Ins. Co. of Am.*, No. 1:98-CV-00106, 2014 WL 1681693, at *1 (N.D. Ohio Apr. 28, 2014) (denying motion to seal and finding that plaintiff "waived any right to confidentiality of her medical records when she made her medical condition and diagnoses at issue").

Consequently, Taylor's motions regarding production of his medical records will be denied.

## H.  Motions Related to Trinity's Motion for Summary Judgment

Trinity filed a motion for summary judgment on September 25, 2024, and certified that it served a copy of its motion, supporting memorandum of law, and statement of undisputed material facts on Taylor by U.S. mail on the same day. (Doc. Nos. 62–64.) Under the Court's scheduling order (Doc. No. 35), the Federal Rules of Civil Procedure, and this Court's Local Rules, Taylor's response in opposition to Trinity's summary judgment motion and separate response to its statement of undisputed material facts was due October 28, 2024.

On October 11, 2024, the Court received Taylor's "petition for leave to file for an extension of time to file a[n] opposition to defendant's motion for summary judgment" which asks for "a 30-day extension" "of time to file his objection to [Trinity's] motion for summary judgment." (Doc. No. 66, PageID# 301.) Trinity did not oppose the motion.

On October 16, 2024, the Court received three motions from Taylor related to Trinity's summary judgment motion. (Doc. Nos. 67–69.) The first is a "petition for leave to file [an] affidavit" asking the Court "to accept [Taylor's] Affidavit" into the summary judgment record. (Doc. No. 67, PageID# 304.) Nothing in the Federal Rules of Civil Procedure or this Court's Local Rules requires Taylor to seek the Court's leave before filing an affidavit or other documentary evidence in opposition to Trinity's motion for summary judgment. Taylor's motion for leave to file an affidavit will therefore be found moot.

The second motion is a "petition for leave to file [a] motion to extend [the] record" asking the Court to "accept the documents that ha[ve] been submitted with this petition and the accompanied petition in opposition to [Trinity's] motion for summary judgment" and "add[ ] [them] to the record as admissible evidence . . . ." (Doc. No. 68, PageID# 309, 310.) Again,

14

nothing in the Federal Rules of Civil Procedure or this Court's Local Rules requires Taylor to ask the Court's leave before filing documentary evidence in opposition to summary judgment. Taylor's motion to extend the summary judgment record will likewise be found moot.

The third motion is a "petition for leave to file opposition to [Trinity's] motion for summary judgment" (Doc. No. 69, PageID# 313) accompanied by several exhibits (Doc. Nos. 69-1, 69-2) that Trinity has construed as Taylor's response in opposition to its summary judgment motion (Doc. No. 70). The Court already explained that, under the scheduling order, Taylor was entitled to file a response in opposition to Trinity's motion for summary judgment by October 28, 2024. Taylor therefore does not need the Court's leave to file his response and the motion for leave to file his opposition is moot. The Court will construe this filing as Taylor's response in opposition to Trinity's motion for summary judgment.

Because Taylor has filed a timely response in opposition to Trinity's motion for summary judgment, it appears that his motion for an extension of time to file his opposition (Doc. No. 66) may be moot. However, out of an abundance of caution, the Court will allow Taylor an additional fourteen days from the date of this Memorandum Order to file any supplemental response in opposition to Trinity's motion for summary judgment motion. If Taylor files a supplemental response, Trinity may file an optional supplemental reply within seven days.

III.    **Conclusion**

For these reasons:

Taylor's motion to strike (Doc. No. 40) is DENIED.

Taylor's motion for appointment of counsel (Doc. No. 44) is DENIED WITHOUT PREJUDICE.

Taylor's motion for judicial notice (Doc. No. 49) is FOUND MOOT.

Taylor's motion for leave to file a reply in support of his motion for leave to file an objection to Wlodarczyk's notice of appearance (Doc. No. 58) is FOUND MOOT. The Court construes this filing (Doc. No. 58) as Taylor's reply in support of his motion for leave to file an objection, and the Clerk of Court is DIRECTED to change the caption of this filing on the docket accordingly.

Taylor's motion for leave to file an objection to Wlodarczyk's notice of appearance (Doc. No. 54) is DENIED.

Taylor's second motion to extend the discovery deadline (Doc. No. 55) is FOUND MOOT.

Taylor's motion for leave to file a reply (Doc. Nos. 65) in support of his motions regarding his medical records is FOUND MOOT. The Court construes this filing (Doc. No. 65) as Taylor's reply in support of his motions regarding his medical records, and the Clerk of Court is DIRECTED to change the caption of this filing on the docket accordingly.

Taylor's motions regarding his medical records (Doc. Nos. 57, 59, 60) are DENIED.

Taylor's motion for leave to file an affidavit (Doc. No. 67) and motion for leave to file a motion to extend the record (Doc. No. 68) are FOUND MOOT.

Taylor's motion for leave to file a response in opposition to Trinity's motion for summary judgment (Doc. No. 69) is FOUND MOOT. The Court construes this filing as Taylor's response in opposition to Trinity's motion for summary judgment, and the Clerk of Court is DIRECTED to change the caption of this filing on the docket accordingly.

Taylor's motion for an extension of time to respond to Trinity's motion for summary judgment (Doc. No. 66) is GRANTED IN PART. Taylor may file a supplemental response in opposition to Trinity's motion for summary judgment within fourteen days of the entry of this

Memorandum Order. If Taylor files a supplemental response, Trinity may file an optional supplemental reply within seven days of Taylor's supplemental filing.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge