IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT FOR TENNESSEE

Corey Taylor

    Plaintiff

v.

Trinity Service Group

    Defendant

Case No. 3:22-cv-00920

RECEIVED

DEC 09 2024

U.S. District Court
Middle District of TN

## Plaintiff's Supplemental response to Defendant Motion For Summary Judgement

Come Now Plaintiff, Corey Taylor, pro se Respectfully seeking this court to hear his motion along with his Contemporaneously filed Memorandum of Law. Plaintiff maintains that Defendant is not entitled to any Judgment and The court Shall Deny Summary Judgment for Defendant because there is genuine issues of material fact and the court shall draw all reasonable inferences from the relevant record in favor of the plaintiff "non-moving" party, see National Solid Wastes Management Ass'n v. Voinovich, 959 F.2d 590, 592 (6th Cir, 1992). Plaintiff States as follows:

### Procedural History

On september 25, 2024, Trinity filed a motion for summary Judgment (DOC. NO. 62) supported by a memorandum of law (DOC. NO. 63), and a very short statement of undisputed facts (DOC. NO. 64), plaintiff filed his opposition to Defendant's motion for summary Judgment (DOC. NO. 69). Defendant filed a timely Response (DOC. NO. 70). Plaintiff maintains all he has stated in opposition to Defendant motion for Summary

Cont'd

Judgment and all the Medical Documents Plaintiff Submitted (Doc. No. 68). Plaintiff maintains all Given In Doc. No. 67-69 along with this Supplemental Response. Plaintiff states as follows:

## Issues Of Concern In Opposition
## To Defendants motion Doc. No. 62 & 63

1) In the Third (3rd) statement given by Defendant in its motion For Summary Judgment, Defendant Stated "However, Plaintiff Cannot set Forth any fact evidence, expert opinion evidence, or witness testimony demonstrating liability on the part of Trinity". (See Doc. No. 62 #3)

Response: I, Corey Taylor Plaintiff in this matter Respectfully Object to this Issue, because any Medical records in the possession of Wellpath Medical From April 2022 thru May of 2023 will provide proof that I [1] had a serious medical condition (That is on-going) [2] That i was prescribed a Bland non-spicy Diet. Also any Medical staff that seen me or DCSO Jail Officer that had Contact with me Regarding my trays will testify that there was issues with my tray not being consisted with my Diet. I, further will be able to Provide expert Opinion evidence upon the court Granting me Counsel so Counsel could Obtain expert Testimony and any evidence That I have Submitted and will be able to submit will substantiate my claims as presented (Doc. No. 1).

2) The record is very Clear that there is an "material fact" of genuine issue that will prove to this court and any Fact finder that Defendant is not entitled to Summary Judgment and The Evidence is clear that a Jury would Return a Verdict in favor of plaintiff.

3) The Fact Trinity attempts to argue that Plaintiff Cannot produce admissible Evidence is very objectionable, Proof/Evidence can be produce upon Plaintiff being able to have Counsel and Plaintiff has already Submitted admissible Evidence to mal

Cont'

out a prima facie case and Defendants undisputed facts Does not Demonstrate That trinity is entitled to a Judgment as a matter of Law.

Defendant has Stated/admitted That plaintiff was a detainee at the Davidson County Jail and Defendant admitted that Trinity provided food services to the Davidson County Sheriff's Department pursuant to a Contract entered between Trinity and said Department. Trinity stated these Claims in DOC. NO. 64.

## ARGUMENT

Trinity argues that the only lone material fact in the record is the following: That Trinity Supplied Food preparation services to the Davidson County Sheriff's Office. However, Then state that the record is bare in terms of other admissible Evidence that bears on the elements of plaintiff's claims (DOC. NO. 64) This statement alone Draws Inference on the following: Trinity being the Jails Food preparation service is also the food preparation service for the Diet Trays such as plaintiff. Trinity is also Responsible for making Sure that the Diet trays are being made in accordance with each specialized Diet. Trinity has failed to comply with The Doctor/Medical orders to provide Plaintiff with a Bland non-spicy Diet. Trinity argued That any Injuries Plaintiff suffered was Due to negligence of plaintiff, That is very objectionable Because Trinity was entrusted with authority to serve meals and to ensure that all meals meet required standards which ever That Be and to ensure that Diet meals are prepared as required by Medical orders. Trinity Cannot Deny it's failures to maintain the Diet orders of Plaintiff's meal which Due to the failures, Taylor was Injured as an Result. Trinity Cannot argue " any Injury suffered by plaintiff was Due to the Negligence of plaintiff". Negligence in law terms means " failure to exercise a degree of care that a person of Ordinary prudence (a reasonable man) would exercise under the Same Circumstances." The term refers to conduct that falls below the Standard established by law for the protection of others against

unreasonable risk of harm. (See Barron's Dictionary of Legal Terms; Steven H. Gifis fifth Edition). As plaintiff was a pre-trial Detainee it is impossible for him to act in any Negligence In this matter, when the Duties to Prepare meals were solely the Duty of Trinity (see DOC. NO. 64) " Trinity provided food services to the Davidson County Sherriff's Department pursuant to a contract entered between Trinity and said Department". So any Injury suffered as a result of Trinity failure to follow plaintiff's medical Diet that was prescribed is Due to the Negligence of Trinity and not Plaintiff because plaintiff was not the one given a contract to prepare food at Davidson county Jail, Trinity was and Due to not following the contents within such contract, policy or Rules plaintiff was Injured as a result Due to Trinity failures to properly supervise and adequately train it's employee's and Inmate staff workers (Jail Detainee's). The record is clear: That [1] plaintiff suffered a serious medical Injury [2] plaintiff has a serious medical condition [3] and plaintiff was prescribed a Bland Diet, which Trinity failed to follow and Plaintiff was Injured as a result. Trinity failed to provide a copy of It's contract and policy it entered into with Davidson County Jail to provide meals. Trinity failed to provide an order of Operations or standard procedures It must follow when preparing Dietary meals for medically prescribed Diets. Trinity is "highly" aware that plaintiff is laymen and Do not have financial means nor proper resources to obtain the Evidence, witnesses, contracts or policy and has failed to provide it as it has been requested several times During Discovery. Based on all Given In plaintiff's recently filed motions DOC. NO. 67-68 Defendants are not entitled to summary Judgment and the court shall Rule in favor of Plaintiff [1] Plaintiff was Injured Due to the Negligence and Recklessness, Carelessness and Deliberate indifference towards his serious Medical Needs, Due to Trinity failure to provide plaintiff with his medically prescribed Diet. [2] Trinity was under contract to provide meals and Due to they failure to provide Plaintiff his entitled Diet/meal plaintiff was Injured as a result because [3] while under contract as Trinity admitted as to being, Trinity failed to properly train it's employee's and Inmate workers and failed to properly and adequately supervise it's employee's and Inmate workers to ensure Plaintiff was

Cont'd

pg 4

receiving his prescribed Diet. For plaintiff to be Negligent he has to be an actor and plaintiff was not an actor but a pre-trial Detainee and because Trinity was under contract for food preparations this proves that " the Injury or harm would not have occurred had it not been for the Deliberate Reckless and Careless Indifference acts of Trinity's actions in failing to properly supervise and adequately Train it's employee's and Inmate workers. In Trinity's response DOC, No.70 Defendant Stated that " The existence of a medical condition is typically a matter of expert proof under Fed.R.Civ.p.702 ? 703. Here, Plaintiff has provided no such Testimony or evidence. And to be clear, the Sixth Circuit has held that " For Prisoners to prove grossly inadequate care, moreover, courts generally require them to introduce medical evidence, Typically in the form of expert testimony." Phillips V. Tangilag, 14 F. 4th 524, 535 (6th Cir. 2021). If that is clearly established law and the court is aware of my Inability to obtain expert testimony Due to my current Incarceration and being unable to Investigate and to Do Research or freely leave the prison then how can i prove what truly exists and what Truly happened if i am Denied the proper resources to do so. I Retain the right under TN State const. Art.1 sec.17 To have Justice administered without sale, denial or delay and i am Denied counsel which i assume is critically needed at this stage to prove by expert testimony the existence of an medical condition, Then why would the court Deny me the Right to a valuable resource to do so?. This court shall Deny Summary Judgment and afford Plaintiff the chance to prove his case and be afforded counsel or a Resource to do so.


## Memorandum of Law Supporting Facts

Summary Judgment is appropriate when " the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a Judgment as a matter of law." Tenn.R.Civ.5b.04 " The evidence must be viewed in a light most favorable to the claims of the non moving party, with all reasonable inferences drawn in favor of those claims." Rye, 477 S.W. 3d at 286, plaintiff, was entitled to a duty of care, which that care was to be provided non-spicy meals per

cont'd

physician's medical order, Defendant's Breached that Duty owed to plaintiff when they failed to properly and adequately train and supervise it's employee's and Jail Inmate works in preparation of medically prescribed meals and when Defendant failed to ensure Plaintiff's Diet was made as the medical order prescribed and as the labels that were placed on plaintiff's meals were accurate as those of the order. As a result plaintiff suffered Injuries such as bleeding, exccerbation of his lichen planus and oral ulcers, swelling, Burning and Bursting of the ulcer that is on his Gums on the lower left in the rear of his Mouth. As stated in Brawner " to survive summary Judgment on a deliberate indifference Claim, a pretrial detainee must " present Evidence from which a reasonable Jury could find (1) that (he) had an objectively serious Medical need; and (2) that (the defendant's) action (or lack of action) was intentional (not accidental) and (the Defendant) either (a) acted intentionally to ignore (the detainee's) serious medical need, or (b) recklessly failed to act reasonably to mitigate the risk of the serious medical need posed to (the detainee) see mercer v. Athens cnty., 72 f.4th 152, 160-61 (6th cir. 2023) (quoting Brawner, 14 f.4th at 597). (1) Plaintiff can prove he has an existing medical condition which is serious in nature, plaintiff has submitted Documents proving those conditions and the same can be verified by case No. 3:22-cv-00105 Taylor, v. wellpath, et al . plaintiff was Dianosed on May 12, 2022 by wellpath oral Maxofacial surgeon DR. Hoang Brian Nguyen whom was the "OMFS" employeed with wellpath and under contract to provide oral surgery at Davidson county sheriff's office Downtown Detention center. plaintiff, can Prove this condition as well through Meharry Dental college Records where Just in october 2023 plaintiff under went another Biopsy. Plaintiff was seen also by Meharry General Hospital Rheumatologist Tyler Reese, M.D. Plaintiff was being seen by DDS Sarath Bachali on various Dates in 2023 while housed at Davidson county Maximum security Detention center RN chadrick owens of wellpath Medical at DCSD Downtown Detention center is the first medical Physician to order Plaintiff an non-spicy Diet. Plaintiff has a long list and Documented history to prove an existence of a (1) serious medical condition, (2) He had a medical Diet that mandated as non-spicy. Bland (3) That there was several issues with his Diet containing spices Despite being labelled as an Bland Diet - non spicy. For all reasons Herein this court shall

Deny Defendant's motion For Summary Judgment and allow this case to proceed.

## Conclusion

Plaintiff, is incarcerated and is not able to obtain expert testimony, witness testimony, statements or access resources as he would have been able to if he had legal counsel. This court shall in all fairness Deny Defendant's summary Judgment and allow this matter to proceed Because plaintiff Does have a strong likelihood of success on the merits only if this court grant plaintiff The opportunity to proceed beyond Summary Judgment as it shall Fairly Do.

Wherefore, plaintiff prays that this court Deny Defendant motion for summary Judgment

Respectfully Submitted
Corey Taylor

I, declare under the penalty of Law and perjury that all contained herein is accurate and True according to state and federal law. Executed on this 28th day of November 2024 Corey Taylor

## Certificate of Service

I, Attest that on this 28th day of November 2024 the foregoing was placed in the mail at T.C.I.X. Inmate mailbox to be mailed via U.S. postal service to the Clerk of court for the U.S. Dist. Ct. M.D. Tenn at 719 Church St., Nashville, TN 37203 Pre-paid Postage Taxed to Plaintiff's inmate account

Respectfully Submitted
Corey Taylor

Corey Taylor 534419

T.C.I.X.

1499 R.w. Moore Memorial Hwy

Only, TN 37140

Privileged
Legal Mail

RECEIVED

DEC 09 2024

U.S. District Court
Middle District of TN

TO: United States Dist. Court, M.D. Tenn

ATTN: Clerk of court

719 church st

NASHVILLE, TN 37203

MAILED AS
PRIVILEGED
TURNEY CENTER MAILROOM
ONLY TN 37140

NASHVILLE TN 370
14 DEC 2024

FIRST-CLASS

US POSTAGE PITNEY BOWES

ZIP 37140
02 7H
0000166628

$ 000.97⁰
DEC 03 2024

37203-709499



The Department of Corrections
has neither inspected
nor censored and is not
responsible for the contents
Turney Center Industrial Complex