UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COREY TAYLOR,

      Plaintiff,

v.

TRINITY SERVICE GROUP, INC.,

      Defendant.

Case No. 3:22-cv-00920

Chief Judge William L. Campbell, Jr.
Magistrate Judge Alistair E. Newbern

## ORDER

This action brought under 42 U.S.C. § 1983 arises out of pro se and *in forma pauperis* Plaintiff Corey Taylor's pretrial detention in the custody of the Davidson County Sheriff's Office (DCSO) at the Downtown Detention Center (DDC) in Nashville, Tennessee. (Doc. No. 1.) Taylor alleges that Defendant Trinity Services Group, Inc. (Trinity) operates the kitchen at DDC and violated Taylor's Fourteenth Amendment rights by deliberately disregarding medical orders to serve him only bland foods. (*Id.*)

Trinity has filed a motion for summary judgment under Federal Rule of Civil Procedure 56 (Doc. No. 62), supported by a memorandum of law (Doc. No. 63) and a statement of undisputed material facts (Doc. No. 64). Taylor has responded in opposition (Doc. No. 69), and Trinity has filed a reply (Doc. No. 70).

Federal Rule of Civil Procedure 56(a) directs that courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *McNeal v. City of Blue Ash*, 117 F.4th 887, 894 (6th Cir. 2024). The party moving for summary judgment

has the initial burden of identifying portions of the record that demonstrate the absence of such disputes. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627–28 (6th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

Under Rule 56(c)(1)(A), a party asserting that a fact is not genuinely disputed may support that assertion by citing particular materials in the record including, but not limited to, depositions, documents, affidavits, or declarations. Fed. R. Civ. P. 56(c)(1)(A). Alternatively, under Rule 56(c)(1)(B), a party can show "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B); *see also Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) ("If the moving party seeks summary judgment on an issue for which it does not bear the burden of proof at trial . . ., the moving party may meet its burden by showing 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting *Celotex Corp.*, 477 U.S. at 325)).

This Court's Local Rule 56.01 requires that any motion for summary judgment "be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." M.D. Tenn. R. 56.01(b) (statement of undisputed material facts). It further provides that "[e]ach fact must be set forth in a separate, numbered paragraph . . . [and] be supported by specific citation to the record." *Id.* This is intended to "'prevent parties from unfairly shifting the burdens of litigation to the court[,]'" *Matthews v. Copeland*, 286 F. Supp. 3d 912, 916 (M.D. Tenn. 2017) (quoting *Caban Hernandez v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir. 2007)), and to ensure that a party opposing a motion for summary judgment has adequate notice of and an opportunity to respond to the moving party's claim that certain facts are undisputed.

Trinity filed a statement of undisputed material facts asserting just two facts and, while Trinity's filing complies with Local Rule 56.01(b)'s formatting requirements, it does not comply with the rule's record citation requirements. (Doc. No. 64.) The statement of undisputed material facts provides no citations in support of the first asserted fact that Taylor "was a detainee at the Davidson County Sherriff's [*sic*] Department[,]" stating instead that "[t]he Court may take [j]udicial [n]otice of the same[ ]." (*Id.* at PageID# 286, ¶ 1.) In support of the second asserted fact that "Trinity provided food services to the Davidson County Sherriff's [*sic*] Department pursuant to a contract entered between Trinity and said Department[,]" Trinity cites only Taylor's unsworn complaint and Trinity's answer. (*Id.* at PageID# 287, ¶ 2.) Trinity's accompanying memorandum of law also cites only Taylor's complaint and Trinity's answer for support. (Doc. No. 63.)

These cited materials are not "competent evidence at summary judgment." *Hicks v. City of Millersville*, No. 3:21-cv-00837, 2023 WL 322447, at *2 (M.D. Tenn. Jan. 19, 2023), *report and recommendation adopted sub nom. Hicks v. Gay*, 2023 WL 1867455 (M.D. Tenn. Feb. 9, 2023). It is well established that unsworn factual allegations are not evidence that can be considered at summary judgment. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970) (finding that an unsworn statement did not meet the requirements of Rule 56). While a pleading signed "under penalty of perjury . . . carries the same weight as would an affidavit for the purposes of summary judgment[,]" *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008), "'mere allegations or denials' in unverified pleadings" like Taylor's complaint and Trinity's answer do not, *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999) (en banc)). Because Trinity relies on unsworn pleadings as its only supporting record evidence, its summary judgment motion is procedurally inadequate under Rule 56 and Local Rule 56.01. *See Hicks*, 2023 WL 322447, at *2.

When a summary judgment motion "is made solely on the basis of one or more pleading, it is equivalent to a motion under Rule 12(b)(6) for a dismissal for failing to state a claim for relief or under Rule 12(c) for a judgment on the pleadings and should be treated as such." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2722 (4th ed. suppl. June 2024). But it would not be appropriate to consider Trinity's motion as one to dismiss under Rule 12(b)(6) in this case because Trinity filed an answer (Doc. No. 38) to Taylor's complaint after the Court denied Trinity's first motion to dismiss under Rule 12(b)(6) (Doc. Nos. 19, 33, 34). *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988) (holding that, "after defendant filed an answer to plaintiff's complaint . . . a motion under Rule 12(b)(6) could not properly lie because Rule 12(b) requires that '[a] motion making any of these defenses shall be made before pleading'" (second alteration in original) (quoting Fed. R. Civ. P. 12(b) (1988))).Nor would it be appropriate to treat Taylor's motion as one for judgment on the pleadings under Rule 12(c) because Taylor has filed documents outside the pleadings in opposition to Trinity's motion, including an affidavit (Doc. No. 67) and copies of his medical records (Doc. Nos. 69-1, 69-2). *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 405 (6th Cir. 2012) ("A district court [considering a Rule 12(c) motion] generally may only consider matters outside the pleadings if they treat the motion 'as one for summary judgment under Rule 56.'" (quoting *id.*)). Trinity has not addressed this record evidence.[1]

---

[1]     Trinity argues generally that "unauthenticated documents" are not "admissible evidence sufficient to defeat" a motion for summary judgment. (Doc. No. 63, PageID# 281.) And Trinity specifically relies on the Sixth Circuit's 2002 opinion in *Michigan v. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 532 n.5 (6th Cir. 2002), for the proposition that "unauthenticated documents do not meet the requirements of Rule 56(e)." (Doc. No. 70, PageID# 426.) But "the

Because Trinity's motion is not properly considered under Rule 56, Rule 12(b)(6), or Rule 12(c), the Clerk of Court is DIRECTED to AMINISTRATIVELY TERMINATE Trinity's motion (Doc. No. 62) WITHOUT PREJUDICE to refiling as a properly supported motion for summary judgment.

---

2010 amendments to Rule 56 . . . eliminated the unequivocal requirement that documents submitted in support of [or in opposition to] a summary judgment motion must be authenticated." *Foreword Mag., Inc. v. OverDrive, Inc.*, No. 1:10-cv-1144, 2011 WL 5169384, at *2 (W.D. Mich. Oct. 31, 2011); *see also Chibbaro v. Everett*, Case No. 3:20-cv-00663, 2022 WL 3589488, at *1 n.2 (M.D. Tenn. Aug. 22, 2022) (quoting *id.*), *report and recommendation adopted*, 2022 WL 4299715 (M.D. Tenn. Sept. 19, 2022); *Pawlaczyk v. Besser Credit Union*, No. 1:14-CV-10983, 2015 WL 4208649, at *8 (E.D. Mich. Apr. 13, 2015) (collecting authority for the proposition that "the new Rule [56] has jettisoned the authentication requirement"), *report and recommendation adopted*, 2015 WL 4208658 (E.D. Mich. July 10, 2015). The amended version of Rule 56(c)(2) instead provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2); *see Dykes v. Corizon, Inc.*, Case No. 2:22-cv-113, 2024 WL 3462035, at *4 (W.D. Mich. Mar. 12, 2024) ("[T]he 2010 amendment replaced the authentication requirement set forth in the former Rule 56(e)(1) with Rule 56(c)(1)(A), which allows parties to rely on 'depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.' It also created Rule 56(c)(2), which allows parties to 'object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.'" (first quoting Fed. R. Civ. P. 56(c)(1)(A); and then quoting Fed. R. Civ. P. 56(c)(1)(2))); *Swank v. Hale*, No. 2:12-cv-1031, 2016 WL 1156517, at *2–4 (S.D. Ohio Mar. 24, 2016) ("Rule 56 (as amended) replaces the authentication standard and permits courts to consider unauthenticated materials, while providing an adverse party the opportunity to object to material that the party believes 'cannot be presented in a form that would be admissible in evidence.' (quoting Fed. R. Civ. P. 56(c)(2))). "Significantly, the objection contemplated by the amended Rule is not that the material 'has not' been submitted in admissible form, but that it 'cannot' be." *Foreword Mag., Inc.*, 2011 WL 5169384, at *2; *see also Dykes*, 2024 WL 3462035, at *5 (recommending that court consider incarcerated pro se plaintiff's unauthenticated medical records in ruling on summary judgment); 11 James Wm. Moore et al., *Moore's Federal Practice* § 56.91 (3d ed. 2022 suppl. Mar. 2025) ("The requirement is that the party submitting the evidence show that it will be possible to put the information, the substance or content of the evidence, into an admissible form.").

Consequently, Taylor's motion seeking the Court's leave and an extension of time to file a further response in opposition to Trinity's motion (Doc. No. 72) is FOUND MOOT.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge