RECEIVED

FEB 0 5 2026

U S DISTRICT COURT
MIDDLE DISTRICT OF TN

COREY TAYLOR,
    Plaintiff,

vs.

TRINITY SERVICE GROUP,
    Defendants.

Case No.: 3:22-cv-00920

JUDGE: CAMPBELL

MAGISTRATE JUDGE: NEWBERN

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN OPPOSITION TO DEFENDANTS SECOND MOTION FOR SUMMARY JUDGMENT

The disputed facts in this case is shows that Trinity Service Group, Inc. ("Trinity") did in fact act in deliberate indifference and deliberate disregard to plaintiff's serious medical need that did in fact necessitate a medical bland diet that was entered and ordered by a trained and licensed physician that was employed at all times with WellPath Medical Services, as that was the Medical Providers that is Contracted to provide medical care to the detainee's that are held and housed at all of the Davidson County Detention Facilities ("DCSO") in Nashville ,TN. Rather, the facts in the record that were submitted by Defendant will show that Trinity was deliberately indifferent to plaintiff's medical needs as proof of these matters has been submitted to this Court

as attached to this instant Memorandum of Law in Support of Plaintiff Motion of Opposition to defendants second motion for summary judgment. Trinity states as submitted with their policies and procedures that they do train and supervise their employees and inmate workers, as such is false and untrue; because had that been the case this matter would be moot. Plaintiff is respectfully seeking to move this Court to hear his motion in opposition to the Defendant's motion for summary Judgment and his Memorandum of Law in Support. The defendant has moved for Summary Judgment stating that Plaintiff has not offered any evidence to support his claim and state that they are entitled to summary judgment as a matter of law and that of qualified immunity. In this memorandum of law and supporting documents that will support this claim and the suit in its entirety, this Court shall accept the documents as permissible evidence and deny defendants motion for summary judgment as it will prove as it has been proven that plaintiff has supported the claim and has made a prima facie case for liability against defendant. this Court shall also take judicial notice that the defendant has filed an affidavit of a Cylina Osborne whom has no personal knowledge of the claims of this case and does not have first-hand knowledge of the matters herein this matter (Doc.No. 1). The only knowledge she has was only obtained through reading the complaint and what has been told to her by the counsel for the defendant. In Memorandum of law in support of plaintiff's

opposition to defendant's motion for summary judgment plaintiff will show that defendant is not entitled to judgment as a matter of law nor is defendant entitled to any qualified immunity. Defendant is liable to for the injuries suffered to plaintiff as it has been their failure to adequately train, supervise and monitor their employees and inmate workers to ensure the accuracy of plaintiff's meals were bland and free of spices.

## PROCEDURAL BACKGROUND

Taylor alleged that healthcare providers at DDC examined him on 05/12/2022 after he complained of "burning, swelling, bleeding, ulcers, and thick white patches on both the left and right side[s] of his jaw. Taylor told medical providers that the majority of the lunch and dinner meals that are provided at the Davidson County Sheriff's Office Downtown Detention Center were spicy and that consuming the spices exacerbated the pain inside his mouth causing burning, blistering, swelling, and discomfort. the healthcare providers performed a biopsy and sent the biopsied tissue out to a lab for testing. In the meantime, a nurse placed Taylor on a Bland Diet, which is a regular tray minus the spices. The nurse entered the bland diet order into the jail's medical system and forwarded a copy to the DDC kitchen, which is operated by Trinity and staffed by Trinity and Jail inmate workers. Taylor states that, despite the medical

order and the fact that his trays food trays were labelled with his name and the words "Diet for Health: Bland Diet",(which labels were filed with the complaint see Doc.No.1) Trinity continued to "serve him trays with spicy seasonings such as crushed red peppers and jalapeno peppers" Sometimes Taylor did not know that the food on his tray contained spices, and he "suffered severe pain, burning, swelling, and bleedings from the gums and his ulcers inside his mouth" after unwittingly eating the spicy food. As a result of trinity's reckless, careless and deliberate disregard for Taylor's serious medical needs for which necessitated a "non-spicy bland diet Taylor was injured as a result and filed suit 11/14/2022, validly raising these claims and issues as they have been presented unto the Court along with documentary evidence attached with this Memorandum of law. Trinity is not entitled to summary, and their Motion shall be denied.

## FACTS

---

The facts plaintiff relies upon are those that have been presented in his contemporaneously filed Statement of Controversial "Disputed" Material Facts, that are at the height of this matter which gave birth to these issues herein. Plaintiff maintains that Trinity did not follow its own policies and procedures as they have

omitted through documentary evidence that they have policies and procedures to ensure that medically prescribed meals are made in accordance to the medical orders and the dietary menu of the Registered Dietian of Trinity Service Group; which it has been that same exact deliberate disregard of plaintiffs medical needs that necessitated a bland diet and the lack and failure to adequately train and supervise their employees and their inmate workers that has caused the resulted injuries that plaintiff has suffered. The following facts are worth bringing to the forefront and the light of this Court as such is clearly seen and does not need a micro scope to be detected that Trinity did in fact act in deliberate indifference to plaintiff's serious medical need that did necessitate a bland diet.

- Trinity is liable for the damages and injuries plaintiff suffered due to their inadequate training and supervision of their employees and inmate workers, for which such resulted in physical injuries being suffered upon plaintiff.

- Trinity has omitted that they do have policies and procedures that must be followed but they failed to state that they frequently monitor their employees and inmate workers to ensure that they are following the policies and procedures to avoid matters of such that are before this Court. (See Defendant Mem. Of. Law)

- Trinity stated in their Memorandum of law in support of their second motion for summary judgment that it is Their Policy to train its on-site employees and inmate workers to ensure that the inmates who are ordered special diets receive the diets they are ordered, and that they are prepared to the specifications of the menus prepared by its regional dietitians. See (SUMF 18). As it is disputed by the evidence attached to this Memorandum (Exhibit A-1) " DCSO Disciplinary Report" dated 12/28/2022; stating that a DCSO officer by the name of Timieneek West called the DCSO Trinity Kitchen because Plaintiff was given a vegan tray; instead of the bland diet he was ordered to have. Officer West stated that the Kitchen Manager "Trinity employee" told her that the vegan tray was the "ONLY" tray that did not contain spices. Trinity has filed with this Court its procedures and guidelines for preparing medically ordered and unplanned diets. If this Court will review these portions this Court will find that on Trinity's Diet Manuel titled Additional Medical Diets under the rationale, it states " To provide food items that may be consumed by individuals, verified by the person (s) authorized by the facility to prescribe medical diets, to accommodate medical needs or to allow the inmate(s) to eat in accordance with religious dietary law. If Trinity follows its policies and procedures and provide training as they have stated then how was it that on 12/28/2022 Plaintiff was issued an disciplinary

violation due to his diet tray being not in accordance with his medical diet order? How was it that the officer Ms. West was told by an On-site Trinity worker that the vegan tray was the only tray that did not contain any spices; but trinity has submitted to this Court that it has a menu for several medical diets. It is obvious that if a vegan tray was the only tray that did not contain spices then this proves that Trinity was not at all times following its own policies and procedures and that they failed to adequately train and supervise their employees and inmate workers to ensure that meals of all medical orders were prepared in accordance to the medical orders and the detainee medical needs.

- Trinity prepared and promulgated a Correctional Food Service Diet Reference Manual outlining guidelines for the preparation of special diets (See Attachment filed with defendant Memorandum of lain support of their motion for summary judgment recently filed with this Court)., that is clearly obvious that Trinity did not follow and failed to adequately train, supervise and monitor their employees and inmate workers to ensure that such was being followed as Trinity has submitted to this Court. Had Trinity been following such dietary procedures and Guideline then how is that an On-Site Trinity Food Service Manager that was never named stated on 12/28/2022 that a vegan tray was the only tray that did

not contain spices? But Trinity has a Correctional Food Service Diet Reference outlining the guidelines for the preparations of special diets?, it's very obvious that Trinity was not at all times in compliance of this outlined reference manual as their own policies and procedures states. This proven by the Statement of the 12/28/2022 on-site Trinity Food Service Manager when he/she stated that the vegan tray was the "ONLY" tray that did not contain spices. This proves that Trinity was deliberately indifferent to plaintiff's medical needs and medical orders that necessitated a Bland Diet, just as the same can be seen for the others that were on no spices added or bland diets just as plaintiff. This is proof that Trinity failed to adequately train and supervise its on-site employees and inmate workers. See also Exhibit A-1 attached to this Memorandum in opposition to defendants' motion.

- Trinity stated in its third bullet point that **"Trinity guidelines were followed by DCSO at the time relevant to plaintiff's suit".** This point shall not be considered nor taken into consideration as such is an omission of liability to prove that Trinity did not follow the guidelines, policies or procedures that were created by Trinity. The issues in this matter and the question of law is not whether DCSO followed the guidelines at all times relevant to this suit, or did DCSO fail to prepare plaintiff meals as were ordered by a medical physician. This matter is

not against DCSO but against Trinity Service Group. DCSO has no authority to or control over how Trinity Service Group prepare the meals that Trinity is responsible for providing unto all DCSO detainees and Stated Contracted inmates and Federal Inmates/ Detainees that is held/ housed at any DCSO facility. To ensure that the guidelines are followed is solely the responsibility of Trinity Service Group and not that of DCSO. Trinity has failed to follow its own guidelines, policies and procedures which due to such deliberate acts of indifference and disregard plaintiff suffered physical injuries. (see Statement in Memorandum of law in support of defendant second motion for summary judgment that is labeled SUMF 20).

- Trinity states in its fourth bullet point that Trinity developed through its Regional Dietitian a "no Tomato, peppers, onions, spice" menu for services as a special diet at the DCSO, available for ordering by medical providers. (See SUMF21) This is proven as a procedure and menu that was not followed based on the statement of the on- site food service manager of Trinity on 12/28/2022 when he/she stated that the vegan tray was the "ONLY" tray that did not contain spices. This proves that Trinity was deliberately indifferent to plaintiff's medical needs and medical orders that necessitated a Bland Diet, as such would be that

of no tomato, peppers, onions, and spice. This is proof that Trinity failed to adequately train and supervise its on-site employees and inmate workers. See also Exhibit A-1 attached to this Memorandum in opposition to defendants' motion. Had Trinity had such Diet in place at the time as stated and alleged then how is it that an on-site Trinity employee stated to officer West on 12/28/2022 that the vegan tray was the **"ONLY"** tray that did not have spices?.

As stated above and put succinctly, Trinity has failed to act on its own policies and procedures to provide medically ordered meals, and has failed to adequate train and supervise its DCSO on- site Trinity Service Group, employees and their inmate workers which are those who prepare the daily regular and dietary meals for all of DCSO detainee's.

## STANDARD OF REVIEW

_____

Summary Judgment is **ONLY** warranted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56(c). No genuine issue of material fact exists when the nonmoving party lacks evidence to support an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) as such is true according to the law, However, that is

not the issue herein the foregoing. In this matter Taylor v . Trinity Service Group,
Defendant is not entitled to Summary Judgment as the law does not permits
granting of such when the defendant has failed to submit proof to sustain its second
Motion for Summary Judgment. Once the Court determines what facts are
material, the second element of the Rule 56 (a) standard requires it to decide
whether there is a "genuine dispute" concerning any of the material facts. If there
is, summary judgment must be denied. The evidence at summary judgment must
be viewed in the light most favorable to the plaintiff, with the respect to the central
facts of this case. see Tolan v. Cotton, 572 U.S. 650134 S> Ct. 1861, 188 L.Ed. 2d
895 (2014). To determine the existence of a genuine dispute, the court  must engage
in a rather sophisticated and careful inquiry, especially since there is no precise
formula for determining when this is the case. see Waimea Falls Park, Inc. v.
Brown, 6 Haw.App. 83, 712 P.2d 1136, 1142 (1985) quoting Wright, Miller & Kane.
Although many courts appear to make the Rule 56(a) determination on a case-by-
case basis, without following any prescribed formula, there are a variety of
shorthand expressions that judges use to indicate the existence of a genuine
dispute. For example, several courts have held that a genuine dispute exists,
thereby preventing summary judgment, as long as the "slightest doubt" remains as
to the facts, or alternatively, that summary judgment should be granted only when

when the movant is entitled "beyond all doubt".see U.S. v. White, 40 F.R.D. 27 (E.D. Ark. 1964). When Applying the Rule 56(a) standard, the judge cannot summarily try the facts; the judge's role is limited to applying the law to the facts that have been established by the litigants' papers. Therefore, a party moving for summary judgment is not entitled to a judgment merely because the facts the party offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial. See Federal Practice and Procedure § 2725.5( footnote 16). Cases premised on alleged violations of the constitutional or civil rights of plaintiffs frequently are unsuitable for summary judgment. As is true with other cases involving important public issues, See Fed. Prac. And Pro § 2732.2 (footnote 1). Courts may refuse to grant summary judgment in these actions because it is felt that a fuller record is necessary in order to be able to decide properly the issues involved. Askew v. Hargrave, 401 U.S. 476 (1971). In cases raising federal constitutional claims, a court must rigorously insure against granting summary judgment when any doubt exists concerning disputed material facts. Boulware v. Battaglia, 334 F.Supp. 889 (1972). In Several cases charging that defendant officials violated plaintiff's Eighth Amendment rights, inflicting cruel and unusual punishment, summary judgment has been deemed inappropriate because there remain issues of fact concerning the extent of the defendant's knowledge of the

condition of plaintiff's confinement or concerning whether defendants deliberately used excessive force to control the plaintiff. There are, of course, many issues that arise in constitutional and civil- rights cases that do not involve state of mind, but nonetheless prevent summary judgment from being entered. See Fed. Prac. And Proced. 2732.2 (footnote 17). In Speed v. Adams, 502 F.Supp.426 (E.D.Ark.1980) The medical doctor for the Arkansas Department of Corrections was not entitled to summary judgment in an inmate's civil-rights suit alleging that he had been denied medical treatment for his leg pain and dislocated hip. Thus, Genuine issues of material facts exist in this matter as to whether Trinity Service Group was deliberately indifferent to Plaintiff's serious medical needs that necessitated a no spices added "bland diet". In Tolan v. Cotton, 572 U.S. 650., The Supreme court reversed the grant of summary judgment for the defendant , noting that "the Fifth Circuit failed to view the evidence at summary judgment in the light most favorable to the plaintiff with respect to the central facts of this case, "failed" to credit evidence that contradicted some of its key factual conclusions, "and" improperly weighed the evidence and resolved disputed issues in favor of the moving party. That shall not be the case herein at no point as it is well established that defendant s is not entitled to summary judgment as there is material facts and controversial issues herein. The mere fact that Plaintiff has presented this claim and the Court

found that Plaintiff stated a plausible and colorable claim whereas relief can be granted is a proof that there is material facts at dispute. If these issues were undisputed the actions of this suit and this Honorable Court will not be needed and these matters would be moot. The fact that this matter has been present before this court for 3 ½ years as to date, that is grounds to prove the clear existence of a genuine dispute.

## THE LAW APPLICABLE TO § 1983 CLAIMS

Section 1983 provides a civil enforcement mechanism for all inmates and pretrial detainees who suffer constitutional injuries at the hands of any person acting under the color of state law. Ford v. Cnty. Of Grand Traverse, 535 F.3d 483, 494 (6th Cir. 2008). (quoting § 1983). The Supreme Court has held that a government body or private entity performing a government function "can be found liable under § 1983 where the municipality *itself* causes the constitutional violation at issue through execution of its own policies or customs. City of Canton v. Harris, 489 U.S. 378, 385 (1989) (citing Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978). The overarching question in resolving such municipal liability claims is "whether there is a direct casual link between a municipal policy or custom and the alleged constitutional deprivation. Plaintiff has shown this court that Trinity Service

Groups mere failure to adequately train, and supervise their on-site employees and inmate workers was due to the failure of Trinity to follow their own policies and procedures which has been the driving force that has caused plaintiff to suffer physical injuries. At no point has Trinity disputed that is not a state actor for purposes of liability under § 1983. And this Court found in screening plaintiff's complaint that Trinity "is a state actor here." (Doc. No. 5, PageID# 18-19) (first citing Buckner v. Vargas, No. 3:20-cv-00562, 2020 WL 4446261, at *4 (M.D. Tenn. Aug. 3, 2020); and then citing Hull v. Davidson Cnty. Sheriff's Off., No. 3:16-cv-02920, 2017 WL 1322104, at *4 (M.D. Tenn. Aug. 3, 2017). All Trinity did argue and continues to argue is that the allegations in Taylor's "Plaintiff" complaint are insufficient to establish a violation of Taylor's Eighth Amendment rights caused by a Trinity Policy. (Doc.No. 19). Although, Plaintiff bears the burden of providing evidence of two elements in order to establish his claim, this court shall review this matter of all that is contained in the record in the light most favorable to plaintiff as plaintiff has showed and proved that he was: (1) deprived of a right secured by the Constitution or laws of the United States; and (2) That he was subjected or caused to be subjected to this deprivation by a person acting under color of state law. It has already been reviewed and seen by this court that Trinity has not disputed that it is not a state actor (Doc.No. 5). As stated in Doc. No . 1 it was the

inadequate training and failure to supervise the employees and inmate workers that resulted in the injuries plaintiff suffered, Trinity has submitted its Policies and Procedures and contends that they were at all times followed but plaintiff has long disputed those matters as it is clearly seen that Trinity policies and Procedures was the moving force behind the resulted injuries plaintiff has suffered. It was due to the lack of supervision and lack of training its employees and inmate workers as the policies and procedures that were not followed which has been the moving force behind the deprivations and injuries that Plaintiff has suffered. The affirmative link has been long established in this case and because of that matter alone Trinity is not entitled to summary judgment, Trinity is not entitled to Qualified Immunity. Trinity did not follow its procedures for the medically ordered diet meals nor the preparations thereof. Trinity did not follow its policies and procedures for the supervision and training of its employees and inmate workers; which due to such lack thereof and failures and acts of deliberate indifference that has resulted in the injuries suffered upon plaintiff. The injuries plaintiff suffered were due to Trinity reckless and careless deliberate indifference to plaintiff's serious medical needs that did necessitate a bland diet. Trinity failed to adequately execute its own policies and procedures that's outlined in their policies and procedures that are present in

the record. Based on such failure to execute its procedures and policies has resulted in the deprivations and injuries suffered upon plaintiff.

## DIRECT CASUAL LINK/CONNECTION

As required by law in Campbell v. Anderson Cnty., 695 F. Supp.2d 764, 771 (E.D. Tenn.2010) Plaintiff must identify the specific policy or custom that caused his injury. Plaintiff would like this Court to take **\*JUDICIAL NOTICE\*** of the documents Trinity filed as evidence in support of their motion for summary judgment, as this Court will see that Trinity's policies and procedures were in place at the time of the deprivation and the injuries plaintiff suffered, just as this Court can draw inference that Trinity failed to follow its own policies and procedures and failed to adequately monitor, supervise its on-site workers and inmate workers to ensure the accuracy of the policies and procedures were being followed as Trinity has admitted to have such in place. The direct casual link and connection is the failure of Trinity to adequately monitor, supervise and train both its on-site workers and inmate workers to ensure that the medically ordered diets are being prepared in accordance to the procedures and as policies of Trinity outlines. Trinity failed to execute its own policies and procedures which due to such failure has resulted in the injuries plaintiff has suffered. Plaintiff's injuries was incurred due to the failure

and deliberate indifference of Trinity to execute its own policies and procedures and due to the defendant failure to adequately Train and supervise its on-site workers and inmate workers. Had Trinity executed its own policies and procedures adequately this matter herein before this Court would be Moot. Based on the foregoing Plaintiff respectfully seeks this Court to deny Defendant second motion for summary judgment and allow this case to be heard by a jury of the Maximum allowed.

## ARGUMENT

_____

**1. Defendant's is not entitled to summary judgment as a matter of law.**
   **Plaintiff can prevail on his claims**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". Summary Judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an

essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317,322. 106 S.Ct.2548.

In the defendant's memorandum of law, defendants stated that Plaintiff has failed to produce admissible evidence sufficient to prove the element of his claim. that statement is in fact false and does conflates the merits of this instant case. Defendant has stated in their second motion for summary judgment that in order for plaintiff to maintain his claim he must show (1) execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury and (2) that there is an "affirmative link between the policy, and the particular constitutional violation alleged." Citing Monell v. New York City Dep't of Soc.Servs., 436 U.S. 658 (1978). Plaintiff has already proven that the policy of the defendant has caused the injury as defendant has filed documentary evidence along with the statement of Cylina Osborne stating that it is the policy and procedures of Trinity Staff to ensure that all diets are made in accordance to the medical orders and that all diets are checked prior to delivery to the persons it is intended for. This Court shall strike such comment because Ms. Cylina Osborne cannot testify as to what was done at the facility during those times of the injury's plaintiff suffered because she was not employed at the Davidson County

Downtown Detention Center during the dates these issues occurred. In the memorandum of law in support of the defendant second motion for summary judgment Defendant states that Trinity trains and supervise the persons who produce inmate meals and does so in a way that is not deliberately indifferent to plaintiff's Constitutional Rights. Had this been the case; this matter would be moot and would have never been presented to this Court for Constitutional violations of this nature and sort as presented. Plaintiff seeks this Court to review Doc.No. 84-1 from case Taylor v. Wellpath., et al. 3:22-cv-00705 which such documents will show and prove that plaintiff did in fact have medical diet orders active 8/29/2022 and did in fact file a grievance regarding the inaccuracy of his diet which can be found in Doc.No.84-1 in Taylor v. Wellpath and is labeled as Medical Grievance 028 in that cases file. The complaint was filed 11/16/2022 which disputes the statement that defendant falsely stated that plaintiff did not have a medical diet except for peanut allergy from 4/1/2023-5/1/2023. Summary judgment is warranted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law, in this instant case there is genuine facts that are disputed and from the record it is clear that the defendant is not entitled to judgment as a matter of law. Defendant has failed to adhere and follow its own policies and procedures and do to their deficient performance and deliberate indifference acts plaintiff was injured by the abandoned

and reckless and careless deliberate acts of defendant. Trinity is a state actor that was and has been at all times acting under the color of state law and has deprived plaintiff of his rights secured by the Constitution and the Federal law as stated in Romanski v. Detroit Entm't, L.L.C., 428 F.3d 629, 636 (6th Cir.2002).

2. Trinity failed to properly and adequately monitor and supervise its employees and inmate workers as they policy describes and does mandate to do so; which due to there lack of training and supervision it has resulted in the injury of plaintiff as stated in complaint Doc.No.1.

In the Trinity Service Group Diet Manual titled Medical Diet Guidelines number 1 states that TSG "Trinity Servs. Grp" will provide the necessary supervision and training to ensure medical diets are prepared and served according to the approved written menus. Trinity did not follow its own policy and or procedures when plaintiff's diet was prepared; had such policy and training and supervision been followed and enforced, this matter would be moot. This claim can be seen by this Court by taking notice of a disciplinary report plaintiff submits as evidence that he received on 12/28/2022 at 16:45 p.m. while he was a detainee at that the Davidson County Down Town Detention Center. See Exhibit A-1. To further substantiate this claim plaintiff seeks this Court to see Exhibit A-2 which is a Davidson County Sheriff's Office Jail

Incident Report that occurred on 10/24/2022 at 18:26 p.m. which was an incident that involved plaintiff's meal being contained with added spices. Trinity did not follow its own policies or procedures and due to there lack of training, supervision and monitoring plaintiff suffered injuries associated with this matter as stated. It has been nothing but the inadequacies of Trinity to properly train and supervise their staff and inmate workers to ensure that plaintiff diet meals were properly made in accordance to his medical diet. It has been the lack and deliberate failure of defendant to follow its own policies and procedures to abate the issues complained of herein. It shall be greatly **HIGHLIGHTED** that Trinity has falsely stated before this Court that plaintiff did not have such diet "Bland-no spices added" but if that was the case then how was it that there was an incident report filed by the DCSO Jail Officer Milton Skelton, as well as how was plaintiff cited for an disciplinary violation due to an issue with his diet as was submitted as Exhibit A-1. The fact that Trinity states that Plaintiff only had a peanut allergy diet from 4/1/2023-5/1/2023 shall be inferences to draw that Trinity is not only deliberate indifferent but is negligent as well and has failed to adequately review their files or logs to ensure the accuracy of the diet that plaintiff was ordered on 8/29/2022. See Doc. No. 84-1 from Taylor v. Wellpath,et al., 3:22-cv-00705.

**1.** All facts in the record as submitted by Plaintiff shows that Trinity failed to execute its own policies and procedures, as well as failed to adequately train, supervise and monitor its on-site employees and inmate workers. As based on such failure to do so and their deliberate indifference to plaintiff's serious medical needs, defendants' motion for summary judgment shall be denied.

**2.** Trinity has failed to produce evidence to convince the Court otherwise, but did however produce evidence that it does have policies and procedures to follow but from the production of the documents produced by plaintiff proves that Trinity did fail to execute and follow its own policies and procedures, which resulted in the injuries suffered by plaintiff. Trinity is not entitled to summary judgment.

**3.** Trinity's failure to train and supervise their staff and inmate workers did amount to deliberate indifference as such was the result of the injuries suffered by plaintiff. Plaintiff filed grievances about the issues he had with Trinity due to his meals containing spices. Proof of these issues is clearly shown by the incident reports that has been produced to this Court by plaintiff. See Exhibit A-1 and A-2. Trinity was aware of the unconstitutional actions by its employees and inmate workers but failed to take corrective measures. See Amerson v. Waterford Twp., 562 F. App'x 484, 490-

91 (6th Cir. 2014) Plaintiff has offered documents that shows that Trinity was aware of harms being caused to plaintiff and that Trinity failed to take corrective actions, Trinity failed to execute its own policies and procedures and the supervisors of Trinity DCSO Trinity on-site workers did abdicate their duties to ensure that plaintiff was provided with his medically ordered diet. In Exhibit A-1 " Disciplinary Report" DCSO Jail officer Timieneek West stated that she called the Kitchen Manager and informed her that Plaintiff meal did have spices and the Manager stated that the vegan diet meal is the only meal that did not have spices in it". This proves the deliberate indifferent acts of Trinity cause Trinity failed to prepare a diet meal in accordance to the medical needs of plaintiff , but instead sent plaintiff a Vegan "Vegetarian" tray which meal is not what plaintiff was prescribed and plaintiff is not a vegan.

## 4. THE DISPUTED FACTS

**A.** Trinity did act in deliberate indifference towards plaintiff serious medical needs that did necessitate a bland no spices added diet.

**B.** Trinity did fail to supervise and adequately train its employees and inmate workers, to ensure that plaintiff was being provided his medically ordered meal.

**C.** Trinity did not oversee, supervise or monitor every diet tray prepared through or by its inmate workers.

**D.** Trinity did not follow the service menu it claimed it has developed through its regional dietitian which is an "no tomato, peppers, onion, spice" menu for service as a special diet at the DCSO facilities.

**E.** Trinity is the cause of the injuries plaintiff suffered due to their failure to adequately train, supervise and monitor their on-site employees and inmate workers, as outlined in their policies and procedures.

## CONCLUSION

Defendant has failed to meet even the generous appraisals of the evidentiary standards required to maintain their defense. Defendant has also relied upon the declaration of a Trinity Employee Ms. Cylina Osborne whom was not employed at DCSO Downtown Facility during the constitutional violations contained herein. Doc. No. 1. Ms. Osborne has no personal knowledge of these matter as been submitted. Ms Osborne cannot testify to these facts nor can she deny these facts due to lack of

personal knowledge. Based on all given herein this court shall deny defendants second motion for summary judgment and issue relief in favor of plaintiff.

**Wherefore**, Plaintiff prays that this Court will deny defendants second motion for summary judgment and grant relief that is feasible to plaintiff and that a jury of the maximum will be empaneled to decide any set of facts that this honorable Court cannot decide for any reason.

I, declare under the penalty of perjury of law that all contained herein is accurate and true according to the laws of the United States of America. Executed on this 20th day of January, 2026 by _Cory Taylor_.

_Cory Taylor_

TDOC#534419

1499 R.W. MOOR MEMORIAL HWY

ONLY, TN 37140

Certificate of Service

I, Attest that on 01/20/2026 the foregoing was Placed in TCIX-main Offender mall to be mailed to the U.S. Dist. Ct. M.D. for TN, clerk of Court Via U.S. Postal Service. 719 Church St., Nashville, TN 37203

Respectfully Submitted

## NOTARY PUBLIC

**State of** _Tennessee_

**County of** _Hickman_

I, _Brandon Taducci_, duly being sworn notary public.,
I attest that this document and all foregoing documents contained herein was
sworn and subscribed before me on this _20th_ day of _January_ ,20 _26_.

_____          My Commission

Expires _3-30-2027_

Notary Public          (see seal also below)

_Brandon Clark_

Respectfully Submitted,

_Corey Taylor_ .

Corey Taylor, #534419
TCIX-main
1499 R.W. Moore Memorial
Only, TN 37140

US POSTAGE FIRST CLASS
ZIP 37140
02.7H
0005166625
$ 004.44°
JAN 21 2026

RECEIVED
FEB 05 2026
U S DISTRICT COURT
MIDDLE DISTRICT OF TN

Privileged
Legal Mail!!! º º

TO: The united states District
Court FOR The Middle District
For Tennessee
ATTN: Clerk of court
719 Church Street
Nashville, TN 37203

MAILED AS
PRIVILEGED
JAN 21 2026
TURNEY CENTER MAILROOM
ONLY TN 37140



The Department of Corrections has neither inspected nor censored and is not responsible for the contents Turney Center Industrial Complex

Privileged Legal Mail

TO: United States District TN
Middle District of Court
Attn: Clerk of Court
719 Church Street
Nashville, TN 37203